THORNAL, Justice.
By appeal we have for review a final judgment which adjudicated the unconstitutionality of Chapter .67-677, Laws of. Florida, 1967.
Our consideration of the matter is limited to the problem of the validity of the cited statute.
James Rubino, at the age of nine (9), sustained fatal injuries on April 8, 1963. He was injured while a student playing on the' grounds of a Dade County elementary school. Subsequently, the Legislature enacted Chapter 67-677, Laws of Florida, 1967, entitled: “An Act for the relief of Edwin F. Rubino; making an appropriation to compensate him for medical expenses • and damages resulting from the injuries and wrongful death of his minor son, James Frederick Rubino; providing an effective date.”
Section 2 of the Act provides:
“The sum of five thousand dollars ($5,-000.00) is appropriated from funds due the board of public instruction of Dade county from the state treasury not specifically appropriated to a particular use to be paid to Edwin F. Rubino as compensation for medical expenses and other damages which he sustained as a result of the wrongful death of his son James Frederick Rubino.”
By Section 3, the appellant, Comptroller Dickinson, was directed to draw a warrant in the sum of $5,000.00 “upon funds in the state treasury due the board of public instruction of Dade county not specifically appropriated to a particular use, * * The appellant, Treasurer Williams, was directed to pay the sum to appellant Rubino. Chapter 67-677, supra, became effective August 4, 1967.
Fla.Stat § 236.075 (1967), F.S.A. creates in the office of the State Treasurer a “county school sales tax trust fund.” It directs disbursement of the fund to the several county school funds on the basis of instruction units in each particular county. By subsection (3), effective July 1, 1967, the amount per instruction unit was increased to $1,050.00 for the purpose of providing the funds necessary to enable county boards of public instruction to meet required payments to certain teacher and employee retirement systems. ■
By chapter 67-300, Laws of Florida, 1967, Section 4, Item 2, the Legislature “appropriated” out of the general revenue fund an amount needed to meet the requirements of the “county school sales tax trust fund” established by § 236.075, supra.
The ultimate effect of the several statutes which we have summarized simply meant that the Legislature, by. Chapter 67-677, supra, directed payment of $5,000.00 to Mr. Rubino out of funds appropriated to the use of Dade County schools and not specifically committed.
Chapter 67-677, supra, was a local law within the contemplation of Fla. Const, art. Ill, § 21, F.S.A. It was also a special law because it related to a particular person in connection with a specific situation in which that person was involved. It was a local law because it affected only Dade County and made an appropriation out of specific funds due to the schools, of that county only. State ex rel. Gray v. Stoutamire, 131 Fla. 698, 179 So. 730 (1938).
Chapter 67-677, supra, was passed without prior publication of notice of its intended introduction. Alternatively, it had no provision for a referendum in the area affected. Fla.Const. art. Ill, § 21. The trial judge was of the view that when considered in isolation, as a special and local law, the statute was necessarily invalid because of the failure to comply with *555 the essential constitutional conditions precedent. We agree with this holding. Aside from any other aspects of constitutional weakness, the statute would necessarily fall on this ground alone.
We do not agree with appellant that a so-called “claim bill” of the nature involved is governed solely by Fla.Const. art. XVI, §11, when the legislation deals with a particular locality as it did in the case at bar. We agree that all claim bills, general and local, must receive the approval of “two thirds of the members elected to each house of the Legislature” as required by art. XVI, § 11, supra. When the claim bill is also a local law, as it was here, it must be enacted pursuant to the requirements of art. Ill, § 21, supra, with reference to prior publication of notice or referendum.
The foregoing discussion disposes of the immediate problem. It, however, implies that Chapter 67-677, supra, would otherwise have been valid had it been enacted in accord with constitutional procedural requirements. In addition to the attack on this ground, the appellee Board of Public Instruction also assaulted the statute on the ground that it was purely a local act, applicable only to Dade County and inapplicable to any county other than Dade. They contend that the statute must, therefore, collapse under the proscriptions of the so-called Dade County Home Rule amendment. Fla.Const. art. VIII, § 11(5), (6), and (9). As we have done on other occasions, we concur in the view that in matters which affect only Dade County, and which are not the subject of specific constitutional provisions or valid general acts pertaining to Dade County and at least one other county, the electors of Dade County may “govern themselves autonomously and differently than the people of other counties of the state.” S & J Transportation, Inc. v. Gordon, 176 So.2d 69 (Fla.1965). In the cited opinion we announced the view that a reasonable construction of the constitutional scheme formulated for the government of Dade County alone suggests that the Legislature “no longer has authority to enact laws which relate only” to the affairs of Dade County. Indeed, the view which we announced in the last cited case expresses the very essence of so-called “home rule government.” Consistent with this view it appears to us that in regard to matters of the nature under consideration, the people of Dade County have adequate authority through the referendum process to make provision in their Home Rule Charter for meeting moral obligations of this type. Actually, in so doing they would be following a course little different than if they were required to pursue a constitutional referendum on a local law. The trial judge expressed concern that in the absence of some alternative procedure, a strict application of the Dade County Home Rule amendment might make it impossible to provide for compensation to claimants justly entitled to relief in that particular county. What we have last written precludes the possibility of such an injustice or inequality.
We have not overlooked our decision on Bonvento v. Board of Public Instruction, 194 So.2d 605 (Fla.1967). We there dealt with a local act applicable to Palm Beach County. We held that a claim of the nature here involved could be paid out of the county school fund when properly authorized. We also held that the notice of intent to introduce the act had been properly published. We deal here with problems which were not involved in the Palm Beach decision. We do not recede therefrom; we merely distinguish it.
For reasons herein announced, the final judgment adjudicating the invalidity of Chapter 67-677, supra, is affirmed.
It is so ordered.
CALDWELL, C. J., and THOMAS and ROBERTS, JJ., concur.
*556 DREW, J., concurs in judgment with opinion.
HOPPING, J., concurs in judgment and agrees with DREW, J.,
ERVIN, J., dissents with opinion.