258 So.2d 815 (1972)
Betty Joyce SPIVEY and Dallas H. Spivey, Her Husband, Petitioners,
v.
Phillip BATTAGLIA, Respondent.
No. 40696.
Supreme Court of Florida.
January 26, 1972.
Rehearing Denied March 29, 1972.
*816 John M. Cain, of Gurney, Gurney & Handley, Orlando, for petitioners.
Hubert I. Sears, Jr., of Maguire, Voorhis & Wells, Orlando, for respondent.
DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Fourth District, Spivey v. Battaglia, Fla. App., 242 So.2d 477 (1971). It will be seen below that there is a misapplication and therefore conflict with McDonald v. Ford, Fla.App., 223 So.2d 553 (2d DCA Fla. 1969), vesting jurisdiction here under Fla. Const. art. V, § 4, F.S.A.[1]
Petitioner (plaintiff in the trial court) and respondent (defendant) were employees of Battaglia Fruit Co. on January 21, 1965. During the lunch hour several employees of Battaglia Fruit Co., including petitioner and respondent, were seated on a work table in the plant of the company. Respondent, in an effort to tease petitioner, whom he knew to be shy, intentionally put his arm around petitioner and pulled her head toward him. Immediately after this "friendly unsolicited hug," petitioner suffered a sharp pain in the back of her neck and ear, and sharp pains into the base of her skull. As a result, petitioner was paralyzed on the left side of her face and mouth.
An action was commenced in the Circuit Court of Orange County, Florida, wherein the petitioners, Mr. and Mrs. Spivey, brought suit against respondent for, (1) negligence, and (2) assault and battery. Respondent, Mr. Battaglia, filed his answer raising as a defense the claim that his "friendly unsolicited hug" was an assault and battery as a matter of law and was barred by the running of the two-year statute of limitations on assault and battery. Respondent's motion for summary judgment was granted by the trial court on this basis. The district court affirmed on the authority of McDonald v. Ford, supra.
The question presented for our determination is whether petitioner's action could be maintained on the negligence count, or whether respondent's conduct amounted to an assault and battery as a matter of law, which would bar the suit under the two-year statute (which had run).
In McDonald the incident complained of occurred in the early morning hours in a home owned by the defendant. While the plaintiff was looking through some records, the defendant came up behind her, laughingly embraced her and, though she resisted, kissed her hard. As the defendant was hurting the plaintiff physically by his embrace, the plaintiff continued to struggle violently and the defendant continued to laugh and pursue his love-making attempts. In the process, plaintiff struck her face hard upon an object that she was unable to identify specifically. With those facts before it, the district court held that what actually occurred was an assault and battery, and not negligence. The court quoted with approval from the Court of Appeals of Ohio in Williams v. Pressman, 113 N.E.2d 395, at 396 (Ohio App. 1953):
"... an assault and battery is not negligence, for such action is intentional, while negligence connotes an unintentional act."
The intent with which such a tort liability as assault is concerned is not *817 necessarily a hostile intent, or a desire to do harm. Where a reasonable man would believe that a particular result was substantially certain to follow, he will be held in the eyes of the law as though he had intended it.[2] It would thus be an assault (intentional). However, the knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. Thus, the distinction between intent and negligence boils down to a matter of degree. "Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid (negligence), and becomes a substantial certainty."[3] In the latter case, the intent is legally implied and becomes an assault rather than unintentional negligence.
The distinction between the unsolicited kisses in McDonald, supra, and the unsolicited hug in the present case turns upon this question of intent. In McDonald, the court, finding an assault and battery, necessarily had to find initially that the results of the defendant's acts were "intentional." This is a rational conclusion in view of the struggling involved there. In the instant case, the DCA must have found the same intent. But we cannot agree with that finding in these circumstances. It cannot be said that a reasonable man in this defendant's position would believe that the bizarre results herein were "substantially certain" to follow. This is an unreasonable conclusion and is a misapplication of the rule in McDonald. This does not mean that he does not become liable for such unanticipated results, however. The settled law is that a defendant becomes liable for reasonably foreseeable consequences, though the exact results and damages were not contemplated.[4]
Acts that might be considered prudent in one case might be negligent in another. Negligence is a relative term and its existence must depend in each case upon the particular circumstances which surrounded the parties at the time and place of the events upon which the controversy is based.[5]
The trial judge committed error when he granted summary final judgment in favor of the defendant. The cause should have been submitted to the jury with appropriate instructions regarding the elements of negligence. Accordingly, certiorari is granted; the decision of the district court is hereby quashed and the cause is remanded with directions to reverse the summary final judgment.
It is so ordered.
ROBERTS, C.J., and ERVIN and ADKINS, JJ., concur.
BOYD, J., dissents.
RAWLS, District Court Judge, dissents with opinion.
RAWLS, District Court Judge (dissenting):
I would discharge writ heretofore issued.
NOTES
[1] McBurnette v. Playground Equipment, 137 So.2d 563, 565 (Fla. 1962); State v. Coffey, 212 So.2d 632 (Fla. 1968). See also, Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441, 443 (Fla. 1961).
[2] Restatement (Second) of Torts, § 8A (1965).
[3] W. Prosser, Law of Torts, p. 32 (3d ed. 1964).
[4] F.E.C. Railway Co. v. McRoberts, 111 Fla. 278, 149 So. 631, 94 A.L.R. 376 (1933), containing language given as a customary court instruction re damages and proximate cause for many years prior to the new Standard Jury Instructions.
[5] Christopher v. Russell, 63 Fla. 191, 58 So. 45, 47 (Fla. 1912).