QUESTIONS:
1. Can the Florida Legislature, in view of the provisions of the Florida Constitution, Art. VIII, s. 6, establishing Dade County's Home Rule Charter, enact a special or local bill affecting collective bargaining between the Dade County School Board and the employees of that school board?
2. If the answer to the above is in the affirmative, are there any other legal impediments to such a special or local act?
SUMMARY:
In view of Art. VIII, s. 6(e), State Const., the Florida Legislature may not enact a special or local act affecting collective bargaining between the Dade County School Board and the employees of said school board.
AS TO QUESTION 1:
This question is answered in the negative.
Article VIII, s. 11, of the State Constitution of 1885, as amended, provided broad home rule powers for Dade County. One of my predecessors in office, in answering a similar question with respect to the scope of those powers, concluded in AGO 061-51, that:
"We do not believe that the legislature may, subsequent to the adoption of a home rule charter pursuant to s. 11, Article VIII, enact any statute or law, applicable to Dade County alone, or so long as Dade County is the only county within the purview of the statute or law, relating to the public schools, the County Superintendent of Public Instruction, or the Board of Public Instruction, of said Dade County, and this rule appears applicable to enactments dependent upon population so long as Dade County is the only county within the population mentioned in such an act."
Accord: Dickinson v. Board of Public Instruction, 217 So.2d 553,555 (Fla. 1968), in which the court struck down a 1967 act relating only to Dade County, and said that "a reasonable construction of the constitutional scheme formulated for the government of Dade County alone suggests that the Legislature `no longer has authority to enact laws which relate only' to the affairs of Dade County."
Article VIII, s. 6(e) of our present State Constitution perpetuates the force and effect of Art. VIII, s. 11, of the previous Constitution in the following language:
"Article VIII, Sections 9, 10, 11 and 24, of the Constitution of 1885, as amended, shall remain in full force and effect as to each county affected, as if this article had not been adopted, until that county shall expressly adopt a charter or home rule plan pursuant to this article. All provisions of the Metropolitan Dade County Home Rule Charter, heretofore or hereafter adopted by the electors of Dade County pursuant to Article VIII, Section 11, of the Constitution of 1885, as amended, shall be valid, and any amendments to such charter shall be valid; provided that the said provisions of such charter and the said amendments thereto are authorized under said Article VIII, Section 11, of the Constitution of 1885, as amended."
Accordingly, I am of the view that the above-quoted views of the Florida Supreme Court and one of my predecessors in office are dispositive of this question.
AS TO QUESTION 2:
In view of the answer to question 1, no answer is required for this question.