298 So.2d 352 (1974)
Fred O. DICKINSON, Jr., Appellant,
v.
The Honorable Ray B. BRADLEY, Etc., Appellee.
No. 44743.
Supreme Court of Florida.
July 31, 1974.
*353 Larry Levy, Gen. Counsel, Office of the Comptroller, Tallahassee, for appellant.
Fred W. Baggett, Tallahassee, and Michael Colodny, Miami, for appellee.
BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Leon County. The trial court, in its final summary judgment, held that Appellant's attack on Chapter 71-468 as being unconstitutional was without merit, thereby giving this Court jurisdiction of the direct appeal.[1]
The facts of this case are as follows.
In 1962 Appellee, Plaintiff below, was elected to the office of Constable of the Second District of Dade County; he was re-elected to that office in 1964. In 1965 the Dade County Commission enacted an ordinance providing that all funds collected by Constables be remitted directly to the County and that Constables be paid solely through the County. Having been indicted on November 3, 1966, on a perjury charge by the Dade County grand jury, Appellee was suspended from office. On January 19, 1967, Appellee was removed from office, and on March 23, 1967, his replacement was appointed as Constable. Thereafter, Appellee was tried on the perjury charge and found guilty; however, on March 12, 1968, his conviction was reversed on appeal, and instead of seeking reinstatement to office, Appellee ran and was elected as Constable in November, 1968, taking office on January 7, 1969. In 1971 the Legislature enacted Chapter 71-468, Laws of Florida, which provided that the State reimburse Appellee $18,539.98 for compensation lost during his suspension from office. When Appellant-Comptroller refused to make payment pursuant to that statute on the ground, inter alia, that it is unconstitutional, Appellee sought a declaratory decree in the Leon County Circuit Court.
On the basis of these facts the trial court held as follows:
"7 ... This case is to be distinguished from the Dickinson case [Dickinson v. Board of Public Instruction of Dade County] [see Footnote[2]] ... in that here there is a recognition of liability of the state for the action of state *354 officers and bodies in the wrongful removal of plaintiff from office and thus depriving him of the emoluments of such office. In Dickinson, [supra] the act involved sought to direct the disbursal of Dade County funds for death resulting from negligence of the Dade County school system. Chap. 71-468 is not a special act in the sense of operating in a particular locality or single county even though the plaintiff was and is a county officer of Dade County. It may be reasoned that it is special in its restriction to a single person. However, any claim bill is restricted to less than the general public and its purpose is to discharge the state's moral obligation to any individual or other entity whom or which the legislature recognizes as being entitled to such. The purpose of requiring a notice of intention to be published in special legislation is to apprise the people in the locality to be peculiarly affected of such proposal so that those interested may take steps to oppose its enactment. Such is not the case here as this act does not appropriate the funds of any locality. The act is a valid claim bill, enacted as a general law and in full harmony with other statutory provisions relating to bills of this nature. The Dade County Charter is not involved in the slightest, nor are the other constitutional provisions which have been cited by the defendant. The statute of limitation (F.S. 95.37) does not prevent legislative action but only the presentation of a claim, and the defenses of laches and waiver do not inhibit appropriation of funds by the legislature. The legislature may enact a claim bill for what would be a tort if a private party was involved just as effectively as for what would constitute a contractual debt. However, it is the interference with plaintiff's contractual right to the emoluments of his office that is the subject of this act.
"8. The Court finds no impediment to the enactment of Chapter 74-428 [sic] by the legislature to compensate the plaintiff. However, the language that the `State of Florida' shall pay plaintiff the specified sum `out of general county funds' presents considerable difficulty in ascertaining what was intended. It is clear that it is the state and not a particular county which is to pay the sum. The plaintiff contends the payment is intended to be from funds derived from pari-mutual wagering and which is distributed to the counties pursuant to F.S. 550.13. The defendant seems to regard the language as restricting the source of funds for payment to be funds which would be distributed to Dade County. The description `general county funds' is not readily applicable to any statutory or administratively designated public monies. The pari-mutual wagering tax collections are very minutely committed for distribution to the several individual counties, and the Court will not construe a purpose to vary F.S. 550.13 by a claim bill unless such is clearly expressed. However, when the legislative intent is crystal clear, as here, that the state is to pay an individual for a debt the legislature finds is due and owing the effort will not be frustrated because of inartful draftsmanship or language that is not well chosen. The legislature has the power to appropriate general state tax revenues for any proper purpose including monies to be distributed to and administered by county officials. To that extent the general revenue funds of the state are available as general county funds subject to appropriation. Inasmuch as there is not ascertainable any designated general county funds' as such, but finding an unmistakable intent to compensate the plaintiff a sum certain by the state, it will be construed that the source of the funds is the general revenue fund of the state and that it is the duty of the defendant Comptroller and all other officials involved in the process to perform their respective functions toward carrying out and making effective the appropriation made."
We find that the trial judge, in paragraphs 7 and 8 of his summary judgment, *355 noted above, gave an able and accurate explanation of the law governing this case. We agree with his analysis therein.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.
NOTES
[1] Article V, Section 3(b)(1), Florida Constitution.
[2] 217 So.2d 553 (Fla. 1967).