QUESTIONS:
1. Assuming funds are available in the Department of Criminal Law Enforcement budget and in light of s. 117.07, F. S., and s.111.065, F. S. (1976 Supp.), would it be proper for the department to either pay the total $5,000 judgment for compensatory damages levied against the two special agents of the department (one of whom is still currently employed and one of whom is not), or, alternatively, reimburse them if they pay said judgment?
2. Assuming funds are available in the department budget and in light of s. 111.07, F. S., and s. 111.065, F. S. (1976 Supp.), would it be proper for the department to either pay the $2,500 judgment for punitive damages levied against the former special agent of the department or, alternatively, reimburse him if he pays said judgment?
SUMMARY:
The Department of Criminal Law Enforcement is not authorized by law to pay judgment for compensatory or punitive damages rendered against a special agent of the department in a civil suit arising prior to the enactment of s. 768.28, F. S. Even if s. 768.28
applied, payment of punitive damages would not be authorized because this provision expressly prohibits payment of punitive damages judgments.
I note that the lawsuit upon which the judgment in question was based was filed prior to Florida's waiver of sovereign immunity by s. 768.28, F. S.
Both questions involve the same legal principles; therefore, they will be considered together and answered accordingly.
One must start from the basic premise that public funds may be expended only as authorized by law. See Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969), cert.denied, 237 So.3d 530 (Fla. 1970); AGO's 071-28, 075-120, and 077-8. The Legislature possesses the exclusive power in determining how, when, and for what purpose public moneys should be applied in conducting the government. State v. Lee, 163 So. 859
(Fla. 1938); State v. Green, 116 So. 66 (1928).
Section 111.07, F. S., under certain circumstances, authorizes the state or political subdivision of the state to defend actions in tort brought against any of its officers or employees arising out of and in the scope of their employment. This statute relates only to the defense of tort suits and does not mention or authorize the payment of any judgment subsequently rendered in the action. Likewise, s. 111.065, F. S. (1976 Supp.), refers only to payment of legal costs and attorney fees for law enforcement officers in civil and criminal actions in the specified circumstances and does not mention or authorize the payment of any judgment that might be recovered. It is a settled rule in this state that, where a statute enumerates the things on which it is to operate (here, the defense of certain tort actions and the payment of legal costs and attorney fees in certain instances), it impliedly excludes from its operation all other things not expressly mentioned therein (payment of judgments rendered in civil actions against state officers or employees individually). See Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); Thayer v. State, 335 So.2d 815
(Fla. 1976).
As previously indicated, the action upon which the judgment in question is predicated took place prior to the effective date of Florida's waiver of sovereign immunity, s. 768.28, F. S. Section768.28(5) now expressly forbids payment of punitive damages. This statute is not applicable to the instant cases, but does show the express policy of the Legislature as to future cases.
There is therefore no specific statutory authority under these circumstances for the Department of Criminal Law Enforcement to pay the judgments in question. Under certain circumstances there is statutory authority to indemnify a warden or a deputy sheriff or a sheriff for a judgment rendered in a civil suit against such person arising out of performance of his duties (s. 111.06, F. S.). Moreover, the Department of Health and Rehabilitative Services is authorized to compensate an officer, employee, or agent who has been held personally liable for the payment of a judgment rendered in a civil suit as a result of an act or omission within the scope of his employment or function in an amount equal to the amount of such judgment. [Section 111.08, F. S.] No such statutory provision has been made for special agents of the Department of Criminal Law Enforcement. By thus specifically authorizing payment of judgments under certain circumstances to certain state officers and employees, the Legislature impliedly rejected such authority under all circumstances for all state officers and employees or the special agents of your department. As hereinbefore noted, the express mention of one thing in a statute is the exclusion of another. Mitchell v. Cotton, 3 Fla. 134 (1850); Bergh v. Stephens,175 So.2d 787 (1 D.C.A. Fla., 1965); Wanda Marine Corp. v. State Dept. of Revenue, 305 So.2d 65 (1 D.C.A. Fla., 1974); and cf., In re
Advisory Opinion of the Governor Civil Rights, 306 So.2d 520, 523
(Fla. 1975).
It might be noted that the Legislature, if it acknowledges or determines that there is a liability on the part of the state to discharge the state's moral obligation to the affected special agents of your department, may enact a general law granting such relief to such special agents as it may determine is justified in the attending circumstances and appropriate moneys for payment of any such claims bill out of the General Revenue Fund. Cf. Dickinson v. Bradley, 298 So.2d 352 (Fla. 1974), and see ss.11.065 and 215.425, F. S. and AGO 072-99.
Considering the foregoing discussion, both of your questions are answered in the negative.
Prepared by: Martin S. Friedman Assistant Attorney General