ADKINS, Justice.
By Petition for Writ of Mandamus, the City of Pompano Beach (hereinafter referred to as the City) seeks an order requiring the Comptroller to remit the sum of $15,000 which was withheld from the City’s share of the state revenue sharing trust fund. Section 218.20 et seq., Florida Statutes. The alternative writ was issued by this Court and the Comptroller has filed his return. The City asks for a peremptory writ notwithstanding the return. We have jurisdiction, as the alternative Writ of Mandamus was directed to a state officer. Article Y, Section 3(b)(5), Florida Constitution.
This sum of $15,000 was paid from the revenue sharing trust fund for municipalities under the requirements of Chapter 77-490, Laws of Florida, an Act “for the relief of Miss Alice Murray”. The Act reads as follows:
WHEREAS, on or about 9:30 p. m. on March 24, 1974, at a carnival held on N.W. 6th Street in Pompano Beach, Florida, a riot began that spread through the area, and
WHEREAS, Miss Alice Murray was stopped in her car at the intersection of N.W. 6th Street and N.W. 6th Avenue, one block from the carnival at 10:30 p. m., and
WHEREAS, a group of rioters at the intersection stoned Miss Murray’s car, breaking its windows and hitting Miss Murray several times with rocks, and
WHEREAS, after Miss Murray was rescued by the police and taken from the scene, the mob overturned and set fire to the car totally destroying it, and
WHEREAS, Miss Murray sustained lacerations and a skull fracture which resulted in permanent brain damage and affected her speech and the use of her right hand, and
WHEREAS, Miss Murray incurred expenses for hospitalization, medical treatment and medicines for her injuries, and
WHEREAS, Miss Alice Murray is permanently disabled as a result of her injuries, and
WHEREAS, the law enforcement agencies, Pompano Beach Police Department, Broward County Sheriff’s Department and Department of Highway Patrol, were negligent in failing to take adequate precautions to warn and protect Miss Murray and other citizens in the area from a known danger, and
*1300 WHEREAS, the State of Florida has a moral obligation to compensate Miss Murray because she was an innocent victim of the violent crime, and
WHEREAS, the damages sustained by Miss Murray are claimed to be $305,697, and it is known that she has no recourse except to the Legislature, NOW, THEREFORE,
Be It Enacted by the Legislature of the State of Florida:
Section 1. The facts stated in the preamble of this act are found and declared to be true.
Section 2. The sum of $15,000 is appropriated out of funds in the revenue sharing trust fund for municipalities scheduled for distribution to the City of Pompano Beach for fiscal year 1977-1978, to be paid to Miss Alice Murray as relief for injuries and damages sustained.
Section 3. The Comptroller is directed to draw his warrant in favor of Miss Alice Murray in the sum of $15,000 upon funds in the revenue sharing trust fund for municipalities in the State Treasury and the State Treasurer is directed to pay the same out of such funds.
The City received monthly payments from the revenue sharing trust fund. The warrant received by the City for the month of July 1977 was reduced in the amount of $15,000. The City then brought this Original Proceeding in Mandamus to require the Comptroller to issue a warrant for this amount. The City contends that an Act of the Legislature which makes an appropriation of specific funds to an individual from the revenue sharing trust fund is a special law within the purview of Article III, Section 10, Florida Constitution, requiring pri- or publication of notice or provision for referendum. We agree.
Article III, Section 10, Florida Constitution, provides as follows:
“SPECIAL LAWS No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except a provision for referendum is conditioned to become effective only upon approval by vote of the electors of the area affected.”
Article X, Section 12(g), defines a “special law” as follows: “ ‘Special law’ means a special or local law”.
In Dickinson v. Board of Public Instruction of Dade County, 217 So.2d 553 (Fla. 1968), this Court held constitutionally invalid an Act which directed payment of compensation to an individual out of funds specifically appropriated to a county because the Act was passed without prior publication of notice or referendum. The Court considered whether Chapter 67-677, Laws of Florida, 1967, which attempted to compensate a father for the wrongful death of his child and which directed the State Comptroller to draw a warrant “upon funds in the State Treasury due the Board of Public Instruction of Dade County” was a local (special) law. This Court held that said Act was a local (special) law within the contemplation of Article III, Section 21, Florida Constitution (1885) carried forward by Article III, Section 10, Florida Constitution (1968). This Court states at 217 So.2d 554:
“Chapter 67-677, supra, was a local law within contemplation of Fla.Const. art. Ill, Sec. 21, F.S.A. It was also a special law because it related to a particular person in connection with a specific situation in which that person was involved. It was also a local law because it affected only Dade County and made an appropriation out of specific funds due to the schools of that county only.” (citation omitted).
In considering a similar Act in Dickinson v. Bradley, 298 So.2d 352 (Fla.1974), this Court distinguished Dickinson v. Board of Public Instruction of Dade County, supra, on the basis that the Act in Bradley required payment out of the general funds of the state, and in the course of its opinion, stated the rationale underlying the notice requirement for special legislation as follows:
“The purpose of requiring a notice of intention to be published in special legis *1301 lation is to apprise the people in the locality to be particularly affected of such proposal so that those interested may take steps to oppose its enactment. Such is not the case here as this Act does not appropriate the funds of any locality.” 298 So.2d at p. 354.
The appropriation in Chapter 77-490, supra, was not from general revenue funds, so Dickinson v. Board of Public Instruction of Dade County, supra, is controlling.
A statute relating to particular persons or things or other particular subjects of a class is a special law. Carter v. Norman, 38 So.2d 30 (Fla.1948). Chapter 77-490 is a special law because it relates to a particular person in connection with a specific situation in which that person was involved. It is also a local law because it affects only one municipality and makes an appropriation of special funds due a municipality from the revenue sharing trust fund. Notice of Intention to seek enactment of this law was not published nor was the law conditioned on a referendum. These are constitutional requirements (Art. Ill, Section 10, Florida Constitution) for the valid enactment of a special or local law.
For this reason we hold that Chapter 77-490, Laws of Florida is unconstitutional and a peremptory Writ of Mandamus should issue requiring the payment of the $15,000 to the City.
We assume that a constitutional officer will perform his duty and therefore refrain from issuing a formal Writ directed to the Comptroller.
It is so ordered.
ENGLAND, C. J., and BOYD, SUND-BERG and HATCHETT, JJ., concur.