467 So.2d 297 (1985)
Michele HESS, a Minor, By and Through Her Parents and Next Friends, Don Hess and Connie Tippett; and Don Hess and Connie Tippett, Individually, Petitioners,
v.
METROPOLITAN DADE COUNTY, Respondent.
No. 64586.
Supreme Court of Florida.
April 4, 1985.
Julian Clarkson and Richard Nichols of Holland and Knight, Tallahassee, for petitioners.
Robert A. Ginsburg, County Atty. and James A. Jurkowski, Asst. County Atty., Miami, for respondent.
Fletcher N. Baldwin, Jr., University of Florida, Gainesville, Mary Friedman, Miami, and Arthur I. Jacobs, Fernandina *298 Beach, amicus curiae for Dade County Trial Lawyers Association.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Third District, in Hess v. Metropolitan Dade County, 447 So.2d 267 (Fla. 3d DCA 1983), which expressly and directly conflicts with Fine v. Firestone, 448 So.2d 984 (Fla. 1984).
The Third District held that it was precluded from issuing a writ of mandamus in this case. When it made this decision, it did not have the benefit of our decision in Fine. In Fine, we held that mandamus was an appropriate remedy to challenge the constitutionality of a proposed constitutional amendment involving only straightforward legal questions which did not require fact-finding. The present case conflicts with Fine because the district court in the present case held that the availability of alternate relief precludes resort to the extraordinary writ of mandamus. In light of our decision in Fine and because this case involves a strictly legal constitutional question, we hold that the district court was not precluded from exercising its discretion to address the merits of this petition, pursuant to article V, section 4(b)(3), Florida Constitution, which provides that "[a] district court of appeal may issue writs of mandamus." (Emphasis supplied.)
Having resolved the conflict created by the district court decision, we exercise our discretion to also address the constitutionality of chapter 83-393. We uphold its validity, quash the decision of the district court, and remand for further proceedings consistent with this decision.
In May 1980, petitioner Michele Hess, an eleven-year-old child, was seriously injured by a bus operated by a Dade County employee. Petitioners were awarded a judgment of $365,400, plus costs, in a negligence action against Metropolitan Dade County. As provided by section 768.28(5), Florida Statutes (1981), Dade County paid $50,000 to Michele and $50,000 to her parents.
Thereafter, the legislature enacted chapter 83-393, authorizing and directing Dade County to compensate Michele and her parents for the unpaid balance of the final judgment and the order taxing costs. In part, this legislation provides:
WHEREAS, there exists an outstanding unpaid balance on the above judgments as follows: $250,000 to Michele Hess; $15,400 to Don Hess and Connie Tippett; and $4,929.95 to Don Hess and Connie Tippett (order taxing costs), and
WHEREAS, prior to the enactment of s. 768.28, Florida Statutes, the sovereign immunity statute, Dade County was responsible for the full amount of all damages negligently caused by the operation of its buses in Dade County, but now has been able to limit its liability to the statutory limit of $100,000, and
WHEREAS, Michele Hess, Don Hess, and Connie Tippett are entitled to be compensated for the unpaid balance of the final judgment and order taxing costs rendered against Dade County, Florida, NOW, THEREFORE,
Be It Enacted by the Legislature of the State of Florida:
Section 1. The facts stated in the preamble to this act are found and declared to be true.
Section 2. The governing body of Dade County is authorized and directed to appropriate from funds of the county not otherwise appropriated the sum of $270,329.95, to be paid to Michele Hess and her parents, Don Hess and Connie Tippett, for the damages caused by Dade County.
Section 3. The governing body of Dade County shall draw a warrant in favor of Don Hess and Connie Tippett in the sum of $270,329.95, upon funds of the county not otherwise appropriated, with $250,000 to be applied to a trust fund for the benefit of Michele Hess, a minor, to be administered and accounted for by her legal guardians.
Section 4. This act shall take effect July 1, 1983.
*299 Petitioners then demanded payment from Dade County, but their claim was rejected on the basis that chapter 83-393 violated article 8, section 11 of the Florida Constitution.
Clearly, if constitutional, chapter 83-393 gives the petitioners a clear legal right to recover the sum of $270,329.95 from Dade County. Dade County, however, argues that the legislature is constitutionally precluded by the Dade County Home Rule Amendment in the Florida Constitution from passing this claims bill directing Dade County to pay this sum. Art. VIII, § 11(5), (6), and (9), Fla. Const. (1885), carried forward by Art. VIII, § 6, Fla. Const. (1968). It contends that chapter 83-393 is a local act relating only to Dade County and constitutes the precise evil sought to be avoided by Dade County's Home Rule Amendment. It relies upon Dickinson v. Board of Public Instruction of Dade County, 217 So.2d 553 (Fla. 1968), as controlling authority for its position. Moreover, it claims that section 768.28 does not authorize the legislature to pass local claims bills.
Petitioners, on the other hand, argue that chapter 83-393 is not unconstitutional and that chapter 83-393, directing payment of the additional amount due under the judgment, is a "further act" authorized by section 768.28(5) and is a general law. They point out that Dickinson v. Board of Public Instruction of Dade County did not deal with waiver of sovereign immunity and argue that neither Dade's Home Rule Charter nor the constitutional provision authorizing home rule for Dade addresses the sovereign immunity issue.
We agree with petitioners that chapter 83-393 is constitutional. The Florida Legislature was vested with the power to waive immunity at an early date. Art. IV, § 19, Fla. Const. (1868), now Art. X, § 13. Article X, section 13 of the Florida Constitution, expressly provides that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." In 1973, however, the legislature exercised its authority to waive sovereign immunity by enacting section 768.28. Ch. 73-313, Laws of Fla. (1973). In its 1977 amendment to section 768.28, the legislature made it clear that it intended to make the state, the counties, and the municipalities liable for tort claims in the same manner and to the same extent as a private individual under like circumstances. Ch. 77-86, Laws of Fla. (1977). This enactment was passed as a general law applicable to all counties in this state. Section 768.28(1) provides in part: "In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act." Section 768.28(5) provides that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment." This section further sets a statutory cap on the amount that can be recovered by an injured person and authorizes recovery of any portion of a judgment exceeding the cap "only by further act of the legislature." We have previously recognized and upheld the authority of the legislature to enact this waiver and cap, and we have further acknowledged that section 768.28 promotes the philosophy of Florida's present constitution that all governmental entities be treated equally. Cauley v. City of Jacksonville, 403 So.2d 379 (Fla. 1981); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
Article VIII, section 6 of the Florida Constitution, incorporates article VIII, section 11 of the 1885 constitution, as amended. Subsections 5 and 6 of section 11, Dade County's Home Rule Charter, are relied upon by Dade County in support of their position that chapter 83-393 is unconstitutional. Subsection (5) provides:
(5) Nothing in this section shall limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties in the state of Florida or *300 to any municipality in Dade County and any other one or more municipalities of the State of Florida, and the home rule charter provided for herein shall not conflict with any provision of this Constitution nor of any applicable general laws now applying to Dade County and any other one or more counties of the State of Florida except as expressly authorized in this section nor shall any ordinance enacted in pursuance to said home rule charter conflict with this Constitution or any such applicable general law except as expressly authorized herein, nor shall the charter of any municipality in Dade County conflict with this Constitution or any such applicable general law except as expressly authorized herein, provided however that said charter and said ordinances enacted in pursuance thereof may conflict with, modify or nullify any existing local, special or general law applicable only to Dade County.
Subsection (6) provides:
(6) Nothing in this section shall be construed to limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties of the state of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida relating to county or municipal affairs and all such general laws shall apply to Dade County and to all municipalities therein to the same extent as if this section had not been adopted and such general laws shall supersede any part or portion of the home rule charter provided for herein in conflict therewith and shall supersede any provision of any ordinance enacted pursuant to said charter and in conflict therewith, and shall supersede any provision of any charter of any municipality in Dade County in conflict therewith.
The legislature's enactment of chapter 83-393 as a "further act" authorized by section 768.28, pursuant to the authority granted it by article X, section 13, does not contravene these provisions of Dade County's Home Rule Amendment. It is merely an implementation of the general law authorizing waiver of sovereign immunity and creating an exclusive method for obtaining damages which exceed the statutory cap set out in section 768.28(5). It is an integral part of the scheme established by the legislature for waiver of sovereign immunity which we have said should apply equally, and not in a disparate manner, to all constitutionally authorized entities. Cauley v. City of Jacksonville. In Cauley, in connection with our discussion of equality of treatment, we explained that although section 768.28 imposes a ceiling on tort recovery against government in the judicial forum, this section "specifically provides that one suffering injuries in excess of the ceiling may seek additional relief by petition to the legislature." 403 So.2d at 387.
The legislature is the only entity that can provide for waiver of sovereign immunity, and it has provided, by statute, that the only means for obtaining the remaining portion of a judgment over the statutory cap is a further act of the legislature. To permit Dade County to be exempted from the full application of section 768.28(5) would impose one standard which affects Dade County and a different, more restrictive standard which affects the citizens of the other sixty-six counties. To do so would conflict with our decisions which mandate uniformity and equality in the application of sovereign immunity to all constitutionally authorized governmental entities. Dade County cannot seek to take advantage of the statutory cap and then deny the applicability of the remainder of this statutory provision to it.
Section 9 of the Dade County Home Rule Amendment states that it is declared to be the intent of the legislature and the electors of this state that:
[T]he provisions of this Constitution and general laws which shall relate to Dade County and any other one or more counties of the State of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida enacted pursuant thereto by *301 the Legislature shall be the supreme law in Dade County, Florida, except as expressly provided herein and this section shall be strictly construed to maintain such supremacy of this Constitution and of the Legislature in the enactment of general laws pursuant to this Constitution.
Section 768.28(5) is a general law expressly authorized by article X, section 13, and is the supreme law in Dade County. We affirmed this principle announced in section 9 in Chase v. Cowart, 102 So.2d 147, 153 (Fla. 1958), wherein we said:
[N]or does any other portion of Section 11, empower the electors of Dade County by adoption of the home rule charter, or the Board of County Commissioners acting thereunder, to relieve the Metropolitan government of Dade County from performing any functions or duties imposed on the government, people or property in Dade County and on the government or people in any other one or more counties in the State, either by general act of the Legislature or the Constitution. Nor does it relieve the government, people or property of Dade County from the regulation or restriction, nor take from the government, people or property in Dade County any of the benefits or protection offered under such a general act, or under the Constitution.
In Kaulakis v. Boyd, 138 So.2d 505 (Fla. 1962), we emphasized that waiver of sovereign immunity could be dealt with only by general law of the legislature and that Dade County could not provide for waiver of its own sovereign immunity in its own home rule charter under the authority of its home rule amendment.
Dickinson v. Board of Public Instruction of Dade County is not controlling here. It was decided before the legislature initially chose to exercise its authority to waive sovereign immunity by enactment of section 768.28 which authorizes chapter 83-393, and of which chapter 83-393 effectually became a part.
Accordingly, we hold that mandamus is an appropriate remedy, that chapter 83-393 is constitutional, and that, pursuant to this law, petitioners have a clear legal right to recover the sum of $270,329.95 from Dade County for the damages caused by Dade County. Therefore, we quash the decision of the district court and remand for further proceedings consistent with this decision.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
I dissent and would hold that chapter 83-393, Laws of Florida, is unconstitutional. It violates article VIII, section 11 of the Florida Constitution of 1885, which is still part of our constitution by operation of present article VIII, section 6(e). By virtue of this constitutional authorization of a home rule charter for Dade County and Dade County's subsequent organization of a chartered county government with plenary home rule powers, the legislature is precluded from enacting any special or local law affecting only Dade County. See Dickinson v. Board of Public Instruction of Dade County, 217 So.2d 553 (Fla. 1968).