The Honorable Elaine Bloom Representative District 104 Suite 384, 420 Lincoln Road Miami Beach, Florida 33139
Dear Representative Bloom:
You have asked substantially the following question:
 Is the Legislature authorized to amend Ch. 23414, 1945, Laws of Florida, a special act relating to disability and retirement pensions for the members of the police and fire departments of the City of Miami Beach, which was enacted prior to adoption of the Dade County Home Rule Charter?
In sum:
 Following adoption of the Dade County Home Rule Charter, the Legislature is constitutionally limited to enacting only general laws relating to Dade County and the municipalities therein and is not authorized to amend Ch. 23414, 1945, Laws of Florida, a special act relating to pensions for members of the police and fire departments of the City of Miami Beach.
In 1945, the Legislature established a system of retirement and disability pensions for members of the fire and police department in the City of Miami Beach and provided for creation of a special fund to be used for purposes of the act.[1]
The Dade County Home Rule Charter was adopted in 1956 as s. 11, Art. VIII, State Const. 1885, and carried forward in the 1968 Constitution.[2]
Pursuant to the charter:
 (5) Nothing in this section shall limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties in the state [sic] of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida. . . . (e.s.)
 (6) Nothing in this section shall be construed to limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties of the state [sic] of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida relating to county or municipal affairs and all such general laws shall apply to Dade County and to all municipalities therein to the same extent as if this section had not been adopted and such general laws shall supersede any part or portion of the home rule charter provided for herein in conflict therewith and shall supersede any provision of any ordinance enacted pursuant to said charter and in conflict therewith, and shall supersede any provision of any charter of any municipality in Dade County in conflict therewith.[3] (e.s.)
Section 11, Art. VIII, State Const., clearly preserves to the Legislature the power to enact general laws which affect not only Dade County and the municipalities therein, but other counties and municipalities in this state.[4] However, upon the adoption of the Dade County Home Rule Charter in 1956, the method provided therein became the exclusive method for the enactment, amendment, and revision of local legislation in Dade County.[5]
The Supreme Court of Florida has likewise concluded that the power of the Legislature to enact local legislation in Dade County is restricted by s. 11, Art. VIII, State Const., and that attempts to enact such legislation are constitutionally suspect. In Dade County v. Dade County League of Municipalities, the Court concluded that ss. 11(5) and (6), Art. VIII, State Const., supra, preserve to the Legislature the power to pass general laws applicable to the municipalities of Dade County.[6] However, as the Court noted, the making, amending, or repealing of local legislation in Dade County can be accomplished only as provided in the home rule charter after its adoption and "thereafter the Legislature would have no power to regulate or control the municipalities in the county by special or local acts." (emphasis of the Court). Implicit in the constitutional language "is the proposition that upon the adoption of the county home rule charter local bills for the governance of Dade County municipalities are a thing of the past."[7]
Thus, pursuant to s. 11, Art. VIII, State Const., the Legislature is not empowered to amend Ch. 23414, 1945, Laws of Florida, but may only address such matters as pensions for municipal police and fire department members by general law.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Chapter 23414, 1945, Laws of Florida. This special act was amended by Ch. 24709, 1947, Laws of Florida; Ch. 24714, 1947, Laws of Florida; Ch. 26034, 1949, Laws of Florida; Ch. 27734, 1951, Laws of Florida and Ch. 29286, 1953, Laws of Florida. However, these amendments are not relevant to disposition of your question.
[2] See, History Note, s. 11, Art. VIII, State Const. 
[3] And see, s. 11(9), Art. VIII, State Const., which provides:
 It is declared to be the intent of the Legislature and of the electors of the State of Florida to provide by this section home rule for the people of Dade County in local affairs and this section shall be liberally construed to carry out such purpose, and it is further declared to be the intent of the Legislature and of the electors of the State of Florida that the provisions of this Constitution and general laws which shall relate to Dade County and any other one or more counties of the State of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida enacted pursuant thereto by the Legislature shall be the supreme law in Dade County, Florida, except as expressly provided herein and this section shall be strictly construed to maintain such supremacy of this Constitution and of the Legislature in the enactment of general laws pursuant to this Constitution. (e.s.)
[4] A "general law" is one which operates throughout the state. See, Lightfoot v. State, 64 So.2d 261, 265 (Fla. 1953). And see, e.g., Cesary v. Second National Bank of North Miami, 369 So.2d 917
(Fla. 1979) (for purposes of provision of State Constitution prohibiting special laws or general laws of local application, statute which relates to subjects, persons, or things as a class, based upon proper differences which are inherent in or peculiar to the class, is a "general law"). General laws in the area of retirement pensions may be found in Ch. 185, F.S.
[5] A constitutional direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. See, 16 C.J.S. Constitutional Law s. 19 (generally, principles of construction applicable to statutes are also applicable to constitutions), and, Thayer v. State, 335 So.2d 815, 817
(Fla. 1976).
[6] 104 So.2d 512, 517 (Fla. 1958).
[7] Id. And see, Dickinson v. Board of Public Instruction of Dade County, 217 So.2d 553, 555 (Fla. 1968). Cf., AGO's 61-51 and 74-88.