## MOON v PALL LAND & MARINE CORPORATION

### Case No. 88-1604CA

Sixth Judicial Circuit, Pasco County

June 27, 1989

### APPEARANCES OF COUNSEL

**Bart A. Riley,** for plaintiff.

**Thomas P. Scarritt, Jr.,** for defendant.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

### *ORDER GRANTING MOTION TO DISMISS*

THIS MATTER comes before the Court on the defendant's Motion to Dismiss the Amended Complaint. The plaintiff sues her former employer and alleges, in part, as follows:

"11. That the Defendant knew that the chemicals with which the Plaintiff worked did discharge toxic fumes and further knew that the continued exposure to said toxic fumes *was substantially certain to*

*result in the injuries* as experienced and alleged hereinafter by the Plaintiff and intentionally exposed the Plaintiff to said toxic fumes.

12. That the Defendant required and demanded that the Plaintiff continue to work in the filter department when the Defendant *knew, to a virtual certainty, that she would experience neurological and respiratory injuries* from the chemical toxicity of the work area.

13. That the Defendant had experienced prior incidents of injuries to employees working in identical work conditions including the handling of like toxic chemicals prior to the injury of the Plaintiff and hence *knew* that the *continued exposure* to the Plaintiff and her fellow workers of the toxic chemicals *would with virtual certainty result in injury* to them.

14. That the Defendant intentionally and deliberately *engaged in the following acts* which the Defendant *knew with virtual certainty would cause injury* to the Plaintiff: . . .

15. As a result of the deliberate and intentional acts of the Defendant, Plaintiff suffered permanent and severe neurological injury and other bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a pre-existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." (Emphasis added.)

The question raised by the Motion to Dismiss can be considered in two parts. First, does the pleading allege an "intentional tort?" Second, even if there is an intentional tort alleged, is the defendant exempt under Florida Statute Section 440.11 since the plaintiff is admittedly within the group to which the Workers' Compensation Act applies?

The Supreme Court of Florida has addressed these issues in *Lawton v Alpine Engineered Products,* 498 So.2d 879 (Fla. 1986), and in *Fisher v Shenandoah General Construction Co.,* 498 So.2d 882 (Fla. 1986). In both cases the court held that the pleadings did not allege an "intentional tort" and, therefore, the court declined to rule on whether the employer would be immune from suit if an "intentional tort" were committed. Although the court stated " . . . we can foresee instances where an intentional tort might occur within the scope of employment. . . . ," (*Fisher,* at 884), it failed to specifically decide whether such torts do or do not fall within the purview of the act.

Although *Lawton* and *Fisher* turn on the generic term "intentional

tort," the court does not define this term. FLorida recognizes four types of intentional tort against persons:

1. Assault - "An assault is any unlawful offer or attempt to injure another with apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Motley v State,* 155 Fla. 545, 20 So.2d 798 (1945); *McDonald v Ford,* 223 So.2d 553 (Fla. 2d DCA 1969).

2. Battery - " . . . a plaintiff must suffer a harmful or offensive contact, and the tortfeasor must have intended to cause such contact." *Chorak v Naughton,* 409 So.2d 35 (Fla. 2d DCA 1981).

3. Intentional Infliction of Emotional Distress - " . . . the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v McCarson,* 467 So.2d 299 (Fla. 1985).

4. False Imprisonment - ". . . the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty." *Harris v Lewis State Bank,* 436 So.2d 338 (Fla. 1st DCA 1983).

Although Assault and Battery was one common action at common law, Florida courts have frequently dealt with each separately.

If any one of these torts is alleged in the instant case, it must be battery. Courts of Florida have held that the intent needed in battery ". . . may be established if the plaintiff demonstrates the tortfeasor acted with reckless disregard of the consequences of his acts." *Chorak,* at 39. More restrictively, the Supreme Court of Florida has held in a discussion of assault:

The intent with which such a tort liability as assault is concerned is not necessarily a hostile intent, or a desire to do harm. Where a reasonable man *would believe that a particular result was substantially certain to follow,* he will be held in the eyes of the law as though he had intended it. It would thus be an assault (intentional). However, the knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. *Spivey v Battaglia,* 258 So.2d 815, (Fla. 1972) at 816-817. (Emphasis added.)

In elaborating on what, precisely, constitutes the element of intent needed to support a cause of action for intentional tort by an employer, the Supreme Court of Florida has stated:

In order for an employer's actions to amount to an intentional tort, the employer must either exhibit a *deliberate intent to injure or*

102

engage in conduct which is substantially certain to result in injury or death. *Spivey v Battaglia,* 258 So.2d 815 (Fla. 1972); *Reed Tool Co. v Copelin,* 689 S.W.2d 404 (Tex. 1985). A strong probability is different from substantial certainty and cannot constitute intentional wrongdoing. Restatement (Second) of Torts, Section 500, comment f (1965). The complaint involved here does not allege such virtual certainty on the part of Shenandoah; rather, it speaks only in terms of probable injury. Such an allegation is insufficient in light of the strict interpretation that must be given to the definition of intentional tort. Such a strict reading is necessary because nearly every accident, injury, and sickness occurring at the workplace results from someone intentionally engaging in some triggering action. *Millison v E.I. du Pont de Nemours & Co.,* 101 N.J. 161, 501 A.2d 505 (1985). *Fisher,* at 883-884. (Emphasis added.)

Without attempting to distinguish between the "substantially certain" criteria expressed in *Spivey* and the "virtually certain" standard of *Lawton* and *Fisher,* this Court finds that (under either test), the intentional tort of battery has been alleged in the instant case.

Turning to the question of whether the defendant is exempt under Florida Statute Section 440.11, this Court, having little guidance from the courts of our state, has examined the decisions of other states and has attempted to reconcile those decisions. Unfortunately, most foreign courts which have considered this issue seem to have done so in the context of a workmen's compensation statute which included specific exemptions from immunity for certain types of acts. (See 9 ALR 4th 778 and 96 ALR 3d 1064). These give little assistance in interpreting Florida Statute Section 440.11 which says that "The liability of an employer prescribed in Section 440.10 *shall be exclusive and in place of all other* liability of such employer to . . . the employee. . . ." (Emphasis added.)

Perhaps some justifiable distinction can be made if the cases are viewed as turning on the state of mind of the defendant. This distinction, though somewhat arcane, is between (1) an intentional act done — knowing that harm will result, and (2) an intentional act done — intending harm to result. (Note the *Spivey* distinction between deliberate intent to injure and conduct substantially certain to result in injury, cited in *Millison* above.) Courts seemingly have been willing to grant immunity for the first type of conduct, but have been unwilling to read legislative intent to include the second type. (See, e.g., *Handley v Unarco Industries, Inc.,* 124 ILL App. 3d 56, 79 ILL Dec 457, 463 NE2d 1011 (1984). Holding that cause of action was not barred by exclusivity provision of workmen's compensation act where complaint

alleged employer's intent to kill employees by exposure to asbestos.) The majority of the courts seem to have considered only the first type of state of mind and to have ruled that no liability would lie in such cases.

The allegations in the instant case are that the defendant had knowledge of the impending harm rather than an intent to inflict harm; therefore, this Court follows the majority and holds that the defendant is shielded from any liability for an intentional tort under the facts as pled, and it is therefore

ORDERED AND ADJUDGED that the Motion to Dismiss is granted.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 27th day of June, 1989.