354 So.2d 1243 (1978)
Robert H. MATTHEWS, As Guardian of the Person and Property of Dale Harler, Jr., an Incompetent, Appellant,
v.
G.S.P. CORPORATION et al., Appellees.
No. GG-179.
District Court of Appeal of Florida, First District.
February 7, 1978.
Rehearing Denied March 3, 1978.
Thorwald J. Husfeld of Landis, Graham, French, Husfeld, Sherman & Ford, DeLand, Karl O. Koepke of Whitaker, Koepke & Associates, Orlando, for appellant.
W. Thomas Lovett, Robert L. Young, Orlando, Kim C. Hammond, Robert K. Rouse, Jr., C. Anthony Schoder, Daytona Beach, and Victor E. Raymos, Jacksonville, for appellees.
MELVIN, Judge.
Appellant-plaintiff appeals from a summary final judgment entered upon his fifth amended complaint seeking to state a cause of action against defendant-Geiger Corporation.
*1244 Dale Harler, Jr. was employed by the Geiger Corporation, and the Royal Globe Insurance Company was the carrier for such employer. Harler was injured while working on a high-rise platform incident to the construction of a condominium. The plaintiff alleged that in connection with the maintenance and inspection of the high-rise platform from which he fell, the Geiger Corporation had been guilty of willful and wanton negligence in failing to provide a safe place for him to work and in failing to observe obvious defects in the steel cables that supported the platform. It is alleged that because one of the steel cables deteriorated, over a period of time, and broke, Harler fell to the ground causing him to sustain substantial physical injury. Nowhere in the pleading does Harler allege that his employer intentionally inflicted upon him an injury.
Following the injury sustained by Harler, he filed his claim for benefits under Florida Workmen's Compensation Act, Chapter 440, Florida Statutes, alleging his right for recovery of benefits for injuries alleged to have been sustained by him as a result of an accident happening during the course of his employment. Compensation pursuant to Florida law was paid to the claimant by the insurance carrier.
Plaintiff urges that because of the alleged willful and wanton negligence of the employer in providing an unsafe place for the claimant to work at such a high-level area and failure to provide inspection of and correction of the deterioration of the steel cables, he should be permitted to recover damages for such alleged tort, such damages to be subject only to offset in the amount of workmen's compensation funds he has received.
An employee may not elect to declare his injury to have been an accident occurring in the course of his employment and, thereafter, repudiate such position by alleging that the place and conditions of his employment were so dangerous that the injury was not in fact an accident. Such position is contrary to the conclusiveness of remedy doctrine embodied in the workmen's compensation system. The provisions of the act may not be accepted and then repudiated by the employee. Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972).
Florida Workmen's Compensation Act is an enactment that assures to every employee the full benefits provided therein regardless of whether the employer or employee is guilty of negligence in bringing about the accident causing the injury. The act further reflects the policy of the state to designate and define for the employer the responsibilities that will come to rest upon its shoulders to thus mark the limit of its liability.
Plaintiff, having established that he was entitled to the benefits of Chapter 440 because he received an injury arising out of and in the course of his employment, and that he did receive benefits as provided by such law, may not now be permitted to claim further damages upon his allegation that his injury, in fact, was not an accident within the contemplation of the law.
The final summary judgment appealed from is
AFFIRMED.
SMITH, Acting C.J., and ERVIN, J., concur.