409 So.2d 35 (1981)
Tom CHORAK and Marcia Chorak, His Wife, Appellants,
v.
John NAUGHTON and John Naughton Ford, Inc., Appellees.
No. 80-1709.
District Court of Appeal of Florida, Second District.
December 11, 1981.
As Clarified February 5, 1982.
*36 Joel D. Eaton and Joel S. Perwin of Podhurst, Orseck & Parks, Miami, and Wagner, Cunningham, Vaughan, Genders & McLaughlin, Tampa, for appellants.
Ted R. Manry, III, and Stephen H. Sears of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee John Naughton.
Kenneth L. Ryskamp of Goodwin, Ryskamp, Welcher, Carrier & Donoff, Miami, for appellee John Naughton Ford, Inc.
SCHEB, Chief Judge.
Appellants Tom Chorak and his wife Marcia challenge the award of a summary judgment to appellees John Naughton and *37 John Naughton Ford, Inc., in appellants' personal injury action. The trial court held that both appellees were immune from suit under the "exclusive remedy" provision of the Workers' Compensation Act. We affirm as to appellee corporation, but we reverse as to Mr. Naughton.
Mr. Naughton owns one hundred percent of the corporate stock of John Naughton Ford, Inc. an automobile dealership. He serves as the corporation's president and director, and is also the dealer, general manager, and one of the corporation's salesmen. The pleadings and depositions before the court on the hearing on the motions for summary judgment disclose that in December 1977 Mr. Naughton initiated a contest entitled, "John Naughton Ford Managers will Bust Their Ass for You." This contest permitted a salesman who sold a certain number of cars to paddle a company manager of his choice with a board two feet long and one and one-half inches thick. Likewise, a manager was permitted to paddle a salesman who failed to sell a minimum quota of vehicles. On December 30, Naughton became entitled to paddle one of his employees and elected to paddle Mr. Chorak. Several witnesses stated that during previous paddlings, those persons administering the paddle had feigned a heavy blow, but had stopped short and given only a token pat. However, two employees testified they were hit quite hard, and Naughton hit Chorak so hard that he broke the paddle in half. Several witnesses stated that they could see Chorak experienced extreme pain.
Mr. Chorak filed a claim for workers' compensation. He claimed serious and permanent injuries to his head, neck, back, body, and extremities, injury to his central and peripheral nervous system, and other injuries not yet diagnosed. He noted that he had already required one operation, a laminectomy, involving the removal of a herniated disc. The case proceeded to adjudication, and on August 1, 1980, the Deputy Commissioner of the Division of Workers' Compensation specifically found that Chorak had consented to being paddled after he witnessed several prior paddlings, and believed that his paddling would be of similar slight impact. The Commissioner concluded that Chorak's injuries were sustained as a result of an accident in the scope of his employment, and determined that Chorak had become permanently disabled in forty percent of his body.
On August 1, 1979, Mr. Chorak filed suit in circuit court against appellees seeking compensatory damages for these same injuries. Mrs. Chorak joined as a plaintiff seeking derivative damages. Appellees moved for summary judgment on the ground that they were immune from suit under section 440.11, Florida Statutes (1977). The court granted their motions and entered summary judgment in their favor. This appeal ensued.
Section 440.11(1), Florida Statutes (1977) provides:
The liability of an employer prescribed in section 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and everyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury... .
This exclusive remedy provision applies to accidental injuries arising out of and in the course of employment. § 440.09(1), Fla. Stat. (1977). An accident is defined as "an unexpected or unusual event or result happening suddenly." § 440.02(18), Fla. Stat. (1977).
The Choraks now contend that the blow causing Mr. Chorak's injuries was not an "accident" within the meaning of the Act, but was an intentional tort committed by Mr. Naughton. Thus, they argue that the exclusive remedy is inapplicable to this case. Appellee John Naughton Ford, Inc., on the other hand, argues that Chorak cannot now assert a claim for damages because he previously claimed his injuries were the result of an accident and because he has accepted workers' compensation benefits. It suggests that Chorak could have pursued his action at law to determine whether the *38 injury was the result of an accident, or if, as he asserts, he pursued his two possible remedies simultaneously, he could have sought a stay of the administrative proceedings. Instead, they point out that appellant proceeded to an adjudication on the merits of his claim under the Workers' Compensation Act.
The purpose of the exclusiveness of the Workers' Compensation Act is to limit the liability of the contributing employer to the compensation benefits secured. In return for accepting vicarious liability for all work-related injuries and for surrendering traditional defenses, the employer is allowed to treat compensation as a routine cost without exposure to tort litigation. Likewise, the employee relinquishes his tort remedies for a system of compensation sparing him the cost, delay, and uncertainty of litigation. Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972) appeal dismissed, 411 U.S. 944, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973). The mere filing of a compensation claim does not preclude an injured party from pursuing common law remedies. Williams v. Duggan, 153 So.2d 726 (Fla. 1963). However, a plaintiff who asserts that his injury was the result of an accident and recovers benefits under the Act cannot later claim that his injury was not the result of an accident within the Act's contemplation. Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978). In Matthews the court stated that to allow a subsequent claim after receipt of compensation benefits is contrary to the exclusiveness of remedy doctrine embodied in a workers' compensation system. We agree with the rationale of Matthews, and hold that appellant's receipt of benefits under the Act precludes appellants' action against John Naughton Ford, Inc. Accordingly, appellee corporation was entitled to a judgment as a matter of law, and the trial court correctly granted its motion for summary final judgment.
The Choraks also contend that the trial court erred in granting summary judgment for Mr. Naughton. We agree with appellants that Mr. Chorak's recovery of workers' compensation benefits does not estop him from proceeding against Mr. Naughton individually. Count I of appellants' complaint alleged that Mr. Chorak's injuries were caused by Mr. Naughton's gross negligence. Count II states they resulted from his commission of the intentional tort of battery.[1]
It is well settled that coemployees are subject to third-party actions for negligent acts done during the course of employment. The only exception to the coemployee's liability for injuries caused by his negligence is for acts done in furtherance of the employer's duty to provide employees a safe place to work. Zurich Insurance Co. v. Scofi, 366 So.2d 1193 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla. 1979). For example, we recently held that a corporate officer becomes amenable to suit as a co-employee when he has committed an affirmative act of negligence beyond the scope of the nondelegable duty of the employer to provide his employees with a safe place to work. West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976). In West a corporate president wrenched an employee's neck causing permanent injury while attempting to relieve her headache, and we held the president amenable to suit because he negligently injured her through an affirmative act.
*39 Naughton argues that West is distinguishable as there the affirmative act was clearly outside the scope of the president's duty to keep the work place safe. In the present case, he argues that he should be cloaked with the employer's immunity because the injury occurred during a corporate contest, and this directly related to the corporate president's duty to maintain a safe work place. We think the evidence clearly demonstrates that Naughton's action, i.e., administering a blow hard enough to cause severe injuries, was unrelated to his duty to maintain a safe work place. Moreover, the willful affirmative nature of his actions placed him sufficiently beyond his corporate capacity and subjected him to liability as a coemployee for his negligence.
In addition, we find there is sufficient evidence to present a question of fact as to whether Naughton committed the intentional tort of battery. To establish a battery, a plaintiff must suffer a harmful or offensive contact, and the tortfeasor must have intended to cause such contact. The intent may be established if the plaintiff demonstrates the tortfeasor acted with reckless disregard of the consequences of his acts. Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972). Here, the facts disclosed by the pleadings and depositions were sufficient to create an issue of material fact. Therefore, the court erred in granting Mr. Naughton's motion for summary judgment.
Finally, we have not overlooked the Choraks' argument that the trial court erred in appointing a physician of appellees' choice to examine Mr. Chorak under the provisions of Florida Rule of Civil Procedure 1.360(a). We reject this point because we do not find that the court abused its discretion in appointment of the physician requested by appellees.
Accordingly, we affirm the summary judgment entered for John Naughton Ford, Inc., and the order requiring Mr. Chorak to submit to a physical examination, and reverse the summary judgment entered for Mr. Naughton. We remand for further proceedings consistent with this opinion.
BOARDMAN and OTT, JJ., concur.
NOTES
[1] While not applicable to the instant action which arose before it was adopted, we note that the 1978 Amendment to section 440.11(1), effective July 1, 1979, supports our opinion reached on an analysis of the relevant case law. § 440.11(1) provides:

[T]he same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunity shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury... .
Thus, the exclusivity provision of the Act clearly precludes an employee who acts with willful and wanton disregard, or with gross negligence and whose actions cause injury to a fellow employee from claiming immunity for his actions.