WIGGINTON, Judge.
Claimant Hume appeals the deputy commissioner’s order dismissing with prejudice Hume’s claim for benefits because he had elected to maintain an action at law for damages on account of his injury, pursuant to section 440.11(1), Florida Statutes (1981). We affirm.[1]
When injured, Hume was working as a carpenter remodeling the Thomasons’ home. Eugene Thomason, acting as general contractor, was Hume’s employer but had failed to secure workers’ compensation insurance.[2] Therefore, instead of filing a claim for compensation benefits, Hume pursued a civil remedy in circuit court, alleging the Thomasons had breached their duty to provide a safe work place. The court entered final summary judgment in favor of the Thomasons, but not before Hume had filed a claim with the Division of Workers’ Compensation. Upon the final disposition of his civil cause of action by the summary judgment, Hume pursued his workers’ compensation claim. The Thomasons successfully defended on the basis that Hume had elected his remedy under section 440.11(1) by way of the action at law, and was thus *442 precluded from thereafter pursuing his claim. We agree.
Section 440.11(1) provides
that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, ..., may elect to claim compensation under this chapter or to maintain an action at law ... for damages on account of such injury ... (emphasis added).
The very language of that section presupposes an inconsistency between the two remedies, which conclusion is incontestable when one considers the very nature of the Workers’ Compensation Act which is to designate and define the employer’s responsibility to compensate the employee for his or her work related injury, regardless of fault. Section 440.10, Florida Statutes (1981); Matthews v. G.S.P. Corporation, 354 So.2d 1243 (Fla. 1st DCA 1978); Cadencio v. Thompson, 3 FCR 432 (1959). As pointed out in Matthews:
An employee may not elect to declare his injury to have been an accident occurring in the course of his employment and, thereafter, repudiate such position by alleging that the place and conditions of his employment were so dangerous that the injury was not in fact an accident.
354 So.2d at 1244. Therefore, the crux of the issue is really whether Hume’s election had matured once the circuit court had rendered final summary judgment.[3]
It is held that an election is matured “when the rights of the parties have been materially affected to the advantage of one or the disadvantage of the other,” and “[i]t is generally conceded that to be conclusive it must be efficacious to some extent.” Williams v. Robineau, 124 Fla. 422, 168 So. 644 (1936); Williams v. Duggan, 153 So.2d 726 (Fla.1963). In the instant case, the summary judgment rendered in the circuit court was obviously efficacious from the Thomasons’ point of view, as it worked to their advantage and to Hume’s disadvantage. Thus, Hume’s election matured when judgment was entered finally adjudicating the rights of the parties. He was precluded thereafter from pursuing his workers’ compensation claim. Cf. Williams v. Duggan (wherein it was held that the filing of a claim later dismissed without adjudication of its merits does not amount to an irrevocable election). As correctly observed by the deputy commissioner in his order, “[t]he employer should not be twice placed in the position of defending himself where he had had to defend either a damage suit on the one hand or a compensation claim on the other to its final conclusion.”
AFFIRMED.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.

. By our affirming the issue raised on appeal, we need not reach the point argued by the Thomasons on cross appeal.

. It is evident from Hume’s complaint filed in the civil action that he had knowledge, before filing his claim for benefits, of the fact that the Thomasons had no compensation insurance, which knowledge serves to distinguish this case from the circumstances in Marta v. Continental Manufacturing Company, Inc., 400 So.2d 181 (Fla. 4th DCA 1981).

. Hume’s alternative argument, that the election of remedies defense was not properly raised below, is without merit, as the record demonstrates that Hume’s counsel not only opened the door to the defense by introducing into evidence the trial transcript and final order, but also that the deputy, although recognizing the defense himself, allowed for oral argument and briefing on the point.