472 So.2d 871 (1985)
John E. FISHER and Lily May Fisher As Personal Representative of the Estate of Shaun E. Fisher, Deceased, Appellants,
v.
SHENANDOAH GENERAL CONSTRUCTION CO., Dickerson, Inc. and the Dickerson Group, Inc., Appellees.
No. 84-2142.
District Court of Appeal of Florida, Fourth District.
July 17, 1985.
Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for appellants.
Jonathan L. Gaines and E. Bruce Johnson of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee  Shenandoah.
*872 LETTS, Judge.
The question is whether the exclusive remedy set forth in the Workers' Compensation Law can be obviated by alleging the commission of an intentional tort by a corporate employer. The trial court found the exclusivity to be paramount and dismissed the action. We affirm.
The facts involve the death of an employee who was commanded by his employer, admittedly within the scope of employment, to clean out an underground pipe with a high pressure hose. While obeying the directive, the employee succumbed to deadly methane gas. The complaint alleges, inter alia, that the employer knew of the danger yet intentionally exposed the decedent to it, refused to furnish necessary safety equipment or comply with OSHA regulations and willfully and wantonly forced its employee, regardless of the known hazard, to deliberately evade OSHA and other required inspections. We assume, for the purpose of this opinion, but do not hold, that the foregoing allegations sufficiently support a cause of action sounding in intentional tort.[1]
The essence of the employee's argument is that the Workers' Compensation Law does not, and was never intended to, preclude actions against employers for intentional torts. However, Section 440.11(1), Florida Statutes (1983), clearly provides that:
The liability of an employer ... shall be exclusive and in place of all other liability ... . [Emphasis supplied.]
In addition, the same section and paragraph provides that although the identical immunity attaches to a fellow employee, acting within the scope of his employment, there is an exception if the said fellow employee acts "with willful and wanton disregard ... or with gross negligence." The only reasonable inference from this statutory language is that willful and wanton conduct by a co-worker, will permit a common law action for intentional tort against that co-worker, but not against his employer. Were it otherwise we are of the opinion that this fellow employee exception, for willful and wanton conduct, would have to be statutorily expanded to include the employer. As written, it does not. Further, never mind the actual statutory language, the entire underlying premise of the Workers' Compensation Law, is to permanently remove servants and their masters, when acting within the scope of employment, from the tort arena. If the legislature did not intend to immunize employers from intentional torts, it would have been unnecessary to expressly except intentional torts from the immunization of fellow employees.
Our conclusion appears to be buttressed by the Supreme Court in Seaboard Coast Line Railroad v. Smith, 359 So.2d 427, 429 (Fla. 1978):
The Workmen's Compensation Act, by its express terms, replaces tort liability of the employer with strict liability for payment of the statutory benefits without regard to fault. An employer under this Act is not liable in tort to employees by virtue of the express language of the Act. Such immunity is the heart and soul of this legislation which has, over the years been of highly significant social and economic benefit to the working man, the employer and the State. And, whether the injury to the employee is caused by "gross negligence," "wanton negligence," "simple negligence" passive or active, or no negligence at all of the employer, is of no consequence. There is no semblance of suggestion in these statutes that the Legislature intended to make any distinction in degrees of negligence so far as the employer's immunity is concerned and we see no reason or logic in any distinction. [Emphasis supplied.]
The employee's most telling argument to the contrary is that the statute, being in derogation of the common law, can only apply to specific subjects which it seeks to *873 address. Thus, he reasons, since the statute only covers "injury arising out of and in the course of employment" (section 440.09) and further defines "injury" as an accident (section 440.02), intentional torts are excluded because such are never accidental. Nonetheless, we cannot ignore the import of the statute or its earlier quoted language to the contrary. On the other hand, the employee's argument, and certain out of state cases[2] trouble us sufficiently to pose the hereinafter stated certified question.
As to the Florida cases cited by the employee, we distinguish them because they involve instances where:
(1) The injury does not occur within the scope of employment Grice v. Suwannee Lumber Manufacturing Co., 113 So.2d 742 (Fla. 1st DCA 1959).
(2) A co-employee was the perpetrator of the intentional tort. Brown v. Winn-Dixie Montgomery, Inc., 427 So.2d 1065 (Fla. 1st DCA 1983).
(3) The corporate employer was defunct and no workers' compensation coverage was available. Salkay v. Deuschle, 385 So.2d 181 (Fla. 4th DCA 1980).
(4) The suit was filed individually against corporate officers. Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1981).
However, believing this matter to be of great public importance, we hereby certify the following question to our Supreme Court:
DOES THE FLORIDA WORKERS' COMPENSATION LAW PRECLUDE ACTIONS BY EMPLOYEES AGAINST THEIR CORPORATE EMPLOYERS[3] FOR INTENTIONAL TORTS EVEN THOUGH THE INJURIES WERE INCURRED WITHIN THE SCOPE OF THEIR EMPLOYMENT.
AFFIRMED.
HERSEY, C.J., and DOWNEY, J., concur.
NOTES
[1] We have also ignored the fact that the employee in the case at bar, accepted funeral benefits from the compensation carrier. See Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1981).
[2] Blankenship v. Cincinnati Milacron Chemicals, Inc., 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), cert. denied, 459 U.S. 857, 103 S.Ct. 127, 74 L.Ed.2d 110 (1983); Jones v. VIP Development Co., 15 Ohio St.3d 90, 472 N.E.2d 1046 (1984); Kofron v. Amoco Chemicals Corp., 441 A.2d 226 (Del. 1982); Wade v. Johnson Controls, Inc., 693 F.2d 19 (2d Cir.1982); Gross v. Kenton Structural & Ornamental Ironworks, Inc., 581 F. Supp. 390 (S.D. Ohio 1984).
[3] Though not germane to the case before us, we hope the Supreme Court will also address the question of whether resourceful lawyers can circumvent the statute by simply alleging intentional torts against the employer's officers as individuals. See Chorak v. Naughton, supra. We have no trouble agreeing that such a cause of action would exist outside the scope of employment. For example, the sexual battery present in Brown v. Winn-Dixie Montgomery, Inc., supra. ... . But see rehearing en banc at 469 So.2d 155 (Fla. 1st DCA 1985).