620 So.2d 798 (1993)
WINN DIXIE STORES, INC., a Florida corporation, Appellant,
v.
Bernard F. PARKS and A. Gayle Parks Gunn, as Personal Representatives of the Estate of Jerome F. Parks, Deceased, Appellees.
No. 92-3426.
District Court of Appeal of Florida, Fourth District.
June 23, 1993.
*799 Richard N. Blank of Richard N. Blank, P.A., Fort Lauderdale, for appellant.
Edward A. Perse of Perse, P.A. & Ginsberg, P.A., and J. James Donnellan III, Miami, for appellees.
STONE, Judge.
We reverse an order denying Appellant's motion for summary judgment. That order determined that Winn Dixie is not entitled to worker's compensation immunity as a matter of law in this action for the wrongful death of its employee. Winn Dixie claims immunity under chapter 440, Florida Statutes.[1] The decedent, Jerome F. Parks, an assistant manager in one of Winn Dixie's retail supermarkets, was kidnapped while driving home after work. The assailant, employed by Winn Dixie at the same supermarket as the decedent until his transfer to another store, forced Parks to return and open the safe before stabbing him to death.
Parks' parents, as personal representatives of his estate, sued Winn Dixie for negligence in providing for their son's safety. They alleged that Winn Dixie negligently made no effort to prevent the assailant from learning about the handling of the store's money and about who had access to the store and the safe after hours. Appellees also assert that the murder was not "work-connected."
Winn Dixie reasons that if decedent's wrongful death is compensable by workers' compensation, then, as the employer, it is immune from tort suit under the exclusivity provision of the Florida Workers' Compensation Law, Fla. Stat. § 440.11 (1991), absent an intentional tort on the employer's part. Pursuant to that provision, the sole remedy available against an employer for an injury to an employee generally is through the workers' compensation system.
A work-related assault is covered by workers' compensation. Cf. Sullivan v. Atlantic Fed. Sav. and Loan Ass'n, 454 So.2d 52 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 116 (Fla. 1985); McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA), rev. denied, 440 So.2d 352 (Fla. 1983). In Sullivan, the plaintiff's wife, a bank manager, was killed while on duty by a robber who had robbed the bank on two prior occasions and had threatened to come back and kill her. This court found that the trial court had correctly granted the employer's motion for summary judgment. In McDaniel, an employee was shot while working at a gas station. The court determined that the sole remedy available to the dependents of the decedent was their workers' compensation claim and affirmed summary judgment in favor of defendants in a wrongful death action.
Winn Dixie principally relies on Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980). The issue in that case was whether the injury was covered by workers' compensation when the assault took place outside the time and space limits of the worker's employment. The employee, a cafeteria cashier, on two previous occasions had driven the manager to the bank with the day's receipts. At the end of her shift on the day of the incident, she drove directly home, where she was assaulted and her purse was stolen. The industrial claims judge ruled that the woman's injuries were compensable. The Industrial Relations Commission reversed and denied her claim *800 because it found her injuries were not sustained "in the course of" her employment. The Florida Supreme Court then quashed the commission's order and reinstated the order of the industrial claims judge.
The court discussed its earlier decision, Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So.2d 378 (1941), in which it set up a two-prong test, requiring that a work related injury must both (1) arise out of and (2) occur in the course of employment. If the origin or cause of the accident was the employment, then it arose out of the employment; if it occurred while the employee was fulfilling the duties of his employment or engaged in some act incidental thereto, then it took place in the course of the employment. Later, in Southern Bell Telephone and Telegraph Co. v. McCook, 355 So.2d 1166 (Fla. 1977), the court reemphasized the necessity of proving "arising out of" and "in the course of" as two separate elements, and further defined "arising out of" to mean originating in some risk connected with employment or flowing as a natural consequence from the employment.
Next, the Strother court acknowledged that in other decisions, "arising out of" and "in the course of" were not treated as two distinct elements, but were merged into a test of work connectedness, citing Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495 (1940), as an example. The court resolved any conflict by determining that "arising" in the test "arising out of" also modifies "in the course of," so that it becomes unnecessary to prove that the injury occurred within the time and space limits of employment, so long as its origin was within those limits and so long as the origin and the injury are connected parts of a single work-related incident. The court concluded as follows:
We hold that to be compensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space, and circumstances. This latter factor may be proved by showing that the causative factors occurred during the time and space limits of employment.
Thus, employing this test, we hold that Strother's injury is compensable. There is no issue that the injury sustained as a result of the assault arose out of employment. Furthermore, it had its genesis at the place of employment since the assailants were actually on the business premises, casing it so to speak, and, then when Strother left, they followed her home and there assaulted her and robbed her of her purse which they thought contained the cafeteria's cash receipts. The time bomb began ticking while she was on the business premises and during working hours.
Strother, 383 So.2d at 628.
In the case before us, the manager was attacked because he had the keys to the store and the combination to the safe and could turn off the alarm. Therefore, workers' compensation benefits were payable, and the personal representatives were not entitled to tort relief from the employer.
We can discern no material issue of fact on this record. On remand, judgment is to be entered for Appellant.
ANSTEAD and KLEIN, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to rule 9.130(a)(3)(C)(vi), providing for review of nonfinal orders that determine that a party is not entitled to workers' compensation immunity as a matter of law.