PER CURIAM.
The defendant, Floval Oil Corporation, appeals from an adverse final judgment and from the denial of its motion for directed verdict. We reverse.
The defendant contends that when viewing the evidence presented in the light most favorable to the nonmoving party, the plaintiffs, the jury could not have lawfully found in favor of the plaintiffs on either of their alternative theories of liability. See McKinnon v. Lewis, 60 Fla. 125, 53 So. 940 (1910); Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980); Baker v. Marvin A Hollub & Co., 311 So.2d 754 (Fla. 3d DCA 1975). We agree.
The plaintiffs first argued below that Floval was the decedent’s employer, and therefore, owed a duty to provide him with a safe work environment. The trial court correctly recognized that under this theory Flo-val would be immune from liability under the Workers’ Compensation Act, see § 440.11, Fla.Stat. (1993); Winn Dixie Stores, Inc. v. Parks, 620 So.2d 798, 799 (Fla. 4th DCA 1993); McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA), review denied, 440 So.2d 352 (Fla.1983). Conversely, if Floval was not the decedent’s employer, then Floval would not be liable because it did not have a duty to provide a safe work environment.
Next, the plaintiffs argued that Floval was liable based on alleged violations of the Convenience Business Security Act [CBS Act] [§§ 812.1701-175, Florida Statutes (1993)]. In the instant case, however, the CBS Act is not applicable because the busi *287 ness was not “primarily engaged in the retail sale of groceries, or both groceries and gasoline. ..§ 812.171, Fla.Stat. (1993).
Consequently, under the plaintiffs’ alternative theories of liability, the jury could not have lawfully found for the plaintiffs. Accordingly, we must reverse and remand for entry of judgment in favor of the defendant.
Because this issue is dispositive, we do not address the remaining points raised by the defendant.
Reversed and remanded.