877 So.2d 765 (2004)
MARTIN ELECTRONICS, INC., Appellant,
v.
Curtis and Annie JONES, Appellees.
No. 1D03-4091.
District Court of Appeal of Florida, First District.
June 18, 2004.
Rehearing Denied July 28, 2004.
*766 Fred M. Johnson, Esquire and Amy J. Goddard, Esquire of Fuller, Johnson & Farrell, P.A., Tallahassee and Michael S. Smith, Esquire of Smith, Smith, Moore & Smith, P.A., Tallahassee, for Appellant.
Thomas M. Ervin, Jr., Esquire of Ervin, Chapman & Ervin, Tallahassee, David H. Burns, Esquire, Robert S. Cox, Esquire and Talley Kaleko, Esquire of Cox & Burns, P.A., Tallahassee, and Benjamin L. Crump, Esquire of Parks & Crump, L.L.C., Tallahassee, for Appellees.
BENTON, J.
Martin Electronics, Inc. (Martin) appeals the order denying the motion for summary judgment it filed when one of its employees, Curtis Jones, and his wife, Annie, brought suit. Their complaint alleges that Martin engaged in intentional conduct that was substantially certain to result in Mr. Jones's injury or death. In denying summary judgment, the trial court ruled that "[a]s a matter of law, Curtis Jones is entitled to [both an award of] workers' compensation benefits and to pursue the ... intentional tort suit against Martin." We reverse, but we certify a question of great public importance.
Although the order denying the motion for summary judgment is interlocutory, we have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(v) (2003) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that... determine ... [among other things] that, as a matter of law, a party is not entitled to workers' compensation immunity."). In denying Martin's motion, the trial court found that, as a matter of law,[1] Martin was not entitled to workers' compensation immunity.
*767 The essential facts are not in dispute. While working for Martin on May 1, 2000, Mr. Jones suffered third-degree burns over three-fifths of his body's surface, when an explosion occurred in a building on Martin's premises. He did not regain consciousness until July 11, 2000, and had to undergo some twenty-four surgeries: all of his fingers and both thumbs were amputated. From the beginning, Martin and its workers' compensation carrier voluntarily provided workers' compensation benefits, and have by now paid benefits aggregating in excess of $1.2 million.
A dispute concerning the hourly rate for attendant care that Mrs. Jones furnished arose, however, and Mr. Jones's then counsel filed a petition for benefits with the Office of the Judges of Compensation Claims in February of 2001. Prior to a contested hearing on the petition, the parties completed a form stipulation by answering questions regarding the accident.[2] On January 29, 2003, the judge of compensation claims entered an order granting the petition, approving and adopting as a finding of fact the parties' stipulation to the effect that Mr. Jones "sustained an injury by accident," and awarding additional monies for Mrs. Jones's services. With a modification not pertinent here, we affirmed the award of additional attendant care benefits. See Martin Elecs. v. Jones, 871 So.2d 277 (Fla. 1st DCA 2004).
Meanwhile in circuit court, the Joneses filed the complaint in the present case on January 7, 2003, seeking damages in tort. As amended on March 18, 2003, the complaint alleges:
7. At the time of his injuries, CURTIS JONES was an employee of MARTIN and was in the course and scope of his employment with MARTIN.
8. While MARTIN did not have an actual intent to injure CURTIS JONES, the injuries to CURTIS JONES were the result of intentional conduct on the part of MARTIN that was substantially certain to result in injury or death.
Martin moved for summary judgment on the grounds that Mr. Jones had "elected the workers' compensation system as his *768 remedy for the injuries alleged in this civil lawsuit, and as a matter of law Curtis Jones may not recover against Martin Electronics in civil litigation."
Martin argues on appeal, as it did below, that because Mr. Jones elected the workers' compensation remedy by actively pursuing the workers' compensation case to a conclusion on the merits, the Joneses are judicially estopped to take an inconsistent position in the present case, viz., that Mr. Jones's injuries were not "accidental," but the result of Martin's intentional conduct, conduct that was substantially certain to result in injury or death. At issue is the purely legal question of whether these two positions are indeed incompatible. See Hernandez v. United Contractors Corp., 766 So.2d 1249, 1252 (Fla. 3d DCA 2000) ("The doctrine of election of remedies `... is an application of the doctrine of estoppel and provides that the one electing should not later be permitted to avail himself of an inconsistent course.' Williams v. Robineau, 124 Fla. 422, 425, 168 So. 644, 646 (1936).").
Our supreme court's opinion in Turner v. PCR, Inc., 754 So.2d 683 (Fla.2000), rests on the premise that an industrial accident as defined for purposes of workers' compensation coverage is dichotomous with tortious misconduct of the kind for which an employee may bring suit at law. After citing the statutory definition of accident, "an unexpected or unusual event or result that happens suddenly," § 440.02(1), Fla. Stat. (2000), the Turner court explained: "Conversely, therefore, under the plain language of the statute, it would appear logical to conclude that if a circumstance is substantially certain to produce injury or death, it cannot reasonably be said that the result is `unexpected' or `unusual[.]'" Id. at 689 (emphasis omitted). Under this reasoning, the position Mr. Jones took in the workers' compensation proceeding  that he sustained an injury by accident  is incompatible with the current position he and Mrs. Jones take  that Mr. Jones's injuries were the result of intentional conduct that was substantially certain to result in injury or death.
Martin concedes that mere, passive receipt of workers' compensation benefits does not give rise to judicial estoppel. See Wishart v. Laidlaw Tree Serv., Inc., 573 So.2d 183, 184 (Fla. 2d DCA 1991) ("Acceptance of the payments constitutes no election of remedies...."). See also Wheeled Coach Indus. v. Annulis, 852 So.2d 430, 433 (Fla. 5th DCA 2003); Hernandez v. United Contractors Corp., 766 So.2d 1249, 1252 (Fla. 3d DCA 2000); Lowry v. Logan, 650 So.2d 653, 657 (Fla. 1st DCA 1995); Wright v. Douglas N. Higgins, Inc., 617 So.2d 460, 462 (Fla. 3d DCA 1993); Velez v. Oxford Dev. Co., 457 So.2d 1388, 1390 (Fla. 3d DCA 1984).
But filing a petition for additional attendant care benefits, litigating before the judge of compensation claims on the theory that a covered industrial accident occurred, and obtaining an order predicated on the finding that Mr. Jones sustained an injury by accident "implie[d] a conscious intent ... to choose compensation benefits over a tort action." Velez, 457 So.2d at 1390. See Townsend v. Conshor, Inc., 832 So.2d 166, 167 (Fla. 2d DCA 2002); Michael v. Centex-Rooney Constr. Co., Inc., 645 So.2d 133, 135 (Fla. 4th DCA 1994); Ferraro v. Marr, 490 So.2d 188, 189 (Fla. 2d DCA 1986); Ferguson v. Elna Elec., Inc., 421 So.2d 805, 806 (Fla. 3d DCA 1982).
Our own holding in Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978), although antedating Turner, reflects the view that seeking workers' compensation benefits and later suing in tort necessarily entails taking inconsistent positions. In Matthews, we held that judicial estoppel arises from the inconsistency. There we said:

*769 An employee may not elect to declare his injury to have been an accident occurring in the course of his employment and, thereafter, repudiate such position by alleging that the place and conditions of his employment were so dangerous that the injury was not in fact an accident.
Id. at 1244. Appellees' distinction between the allegation of willful and wanton negligence made in Matthews and the allegation in the present case, that intentional conduct was substantially certain to cause death or serious injury, misses the point. Under Matthews, the Joneses, having successfully litigated entitlement to workers' compensation benefits, "may not now be permitted to claim further damages upon [their] allegation that his injury, in fact, was not an accident within the contemplation of the law." Id.
We have not overlooked the cases appellees cite from other jurisdictions holding that alleging an industrial accident for purposes of workers' compensation proceedings need not be inconsistent with alleging a tort of a kind for which an employer has no workers' compensation immunity. See Gagnard v. Baldridge, 612 So.2d 732, 733-35 (La.1993) (allowing employee to recover both disputed workers' compensation benefits and tort damages, subject to a credit or offset, for employer's intentional striking of employee); Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222, 233 (1991) ("It is ... not inherently inconsistent to assert that an injury caused by the same conduct was both the result of an accident, giving rise to the remedies provided by the [Workers' Compensation] Act, and an intentional tort, making the exclusivity provision of the Act unavailable to bar a civil action."). But see, Zurowska v. Berlin Indus., Inc., 282 Ill.App.3d 540, 217 Ill.Dec. 499, 667 N.E.2d 588, 592 (1st Dist. 1996); James v. Caterpillar Inc., 242 Ill.App.3d 538, 183 Ill.Dec. 242, 611 N.E.2d 95, 103 (5th Dist. 1993); Advanced Countertop Design, Inc. v. Second Jud. Dist. Ct., 115 Nev. 268, 984 P.2d 756, 758 (1999); Medina v. Herrera, 927 S.W.2d 597, 600 (Tex.1996). And, while language in Turner made clear the Florida Supreme Court's view that such positions are incompatible, the Turner court did not have before it the precise issue of whether an election of remedies had been made.
Accordingly, we certify as a question of great public importance, the following:
MAY AN EMPLOYEE RECEIVING WORKERS' COMPENSATION BENEFITS LITIGATE ENTITLEMENT TO ADDITIONAL BENEFITS THEN, HAVING OBTAINED AN AWARD OF THE ADDITIONAL WORKERS' COMPENSATION BENEFITS, BRING SUIT IN CIRCUIT COURT FOR THE PERSONAL INJURIES SUSTAINED ON THE JOB THAT WERE THE BASIS FOR THE AWARD?
The order under review is reversed, and the case is remanded for entry of summary judgment in favor of appellant.
BARFIELD and DAVIS, JJ., concur.
NOTES
[1] On the date Mr. Jones was injured, section 440.11(1), Florida Statutes (2000), provided that workers' compensation was the exclusive remedy for accidental injury or death arising out of work performed in the course and scope of employment:

(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer... except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.... The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death....
The current version of section 440.11(1), effective October 1, 2003, provides in part:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, ... except as follows:
....
(b) When an employer commits an intentional tort that causes the injury or death of the employee. For purposes of this paragraph, an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that:
1. The employer deliberately intended to injure the employee; or
2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
See ch.2003-412, §§ 14, 50, at 3890-91, 3969, Laws of Fla. (codified at § 440.11(1), Fla. Stat. (2003)).
[2] The parties' attorneys in the workers' compensation proceeding answered these questions on the stipulation form:
 1. Date of Accident(s):
 Employee: 05/01/00
 E/C/Sa: Yes
 2. Place of Accident(s):
 Employee: Taylor Cty
 E/C/Sa: Yes