886 So.2d 281 (2004)
Ronald F. POWERS, Appellant,
v.
E.R. PRECISION OPTICAL CORPORATION and North American Risk Services, Appellees.
No. 1D03-5092.
District Court of Appeal of Florida, First District.
November 10, 2004.
*282 Paul J. Morgan, of Paul J. Morgan & Associates, P.A., Winter Park, for Appellant.
Jill M. Biggs, of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellees.
BENTON, J.
Ronald F. Powers appeals the summary final order deciding that his "workers' compensation claims for injuries arising from an altercation with his co-worker on March 8, 200[2], are barred by the doctrine of election of remedies." Because the appellant takes the position that his co-worker was also the employer's alter ego, we affirm.
On March 8, 2002, Robert Clark injured Mr. Powers while they were both at work for E.R. Precision Optical Corporation (ERPOC). The following June, Mr. Powers filed suit in circuit court against Mr. Clark for battery and, on the theory that he had acted as its agent, against ERPOC.[1] On the basis of a verdict finding *283 Mr. Clark guilty of battery while in the course of his employment for ERPOC, judgment was entered against Mr. Clark and ERPOC, awarding Mr. Powers $10,000 for past medical expenses, $10,000 for future medical expenses, and $2,500 for pain and suffering, disability, physical impairment, mental anguish, inconvenience, aggravation of disease or physical defect, and loss of capacity for the enjoyment of life.
After the civil suit had concluded, Mr. Powers filed petitions for benefits requesting payment of workers' compensation disability benefits, calculated on the basis of a correct average weekly wage, authorization of an orthopedic spine specialist, and payment of medical bills. ERPOC and its insurer responded with a motion for summary final order, pursuant to Florida Administrative Code Rule 60Q-6.120, which the judge of compensation claims granted. The present appeal ensued.
Here as in Martin Elecs., Inc. v. Jones, 877 So.2d 765, 768 (Fla. 1st DCA 2004), the broad question is whether the injured employee is "judicially estopped to take an inconsistent position." The appeal in Jones was taken from a circuit court order denying an employer's motion to dismiss a civil suit on the ground that the principal plaintiff had successfully litigated entitlement to workers' compensation benefits on an inconsistent theory of recovery. But the present case comes to us in a different procedural posture: Having already obtained a judgment in circuit court, Mr. Powers seeks workers' compensation benefits.
The question in the present case, as in Jones, is whether the employee's "two positions are indeed incompatible," but the positions here differ in important respects from those taken in Jones. 877 So.2d at 768. In a civil complaint, Mr. Jones sought to recast an accidental industrial explosion, for which workers' compensation benefits had been awarded, as "the result of intentional conduct on the part of" his employer that created conditions so dangerous that his injury could not be called an "accident." Id. at 767-68.
Martin argues on appeal, as it did below, that because Mr. Jones elected the workers' compensation remedy by actively pursuing the workers' compensation case to a conclusion on the merits, the Joneses are judicially estopped to take an inconsistent position in the present case, viz., that Mr. Jones's injuries were not "accidental," but the result of Martin's intentional conduct, conduct that was substantially certain to result in injury or death. At issue is the purely legal question of whether these two positions are indeed incompatible. See Hernandez v. United Contractors Corp., 766 So.2d 1249, 1252 (Fla. 3d DCA 2000) ("The doctrine of election of remedies `... is an application of the doctrine of estoppel and provides that the one electing should not later be permitted to avail himself of an inconsistent course.' Williams v. Robineau, 124 Fla. 422, 425, 168 So. 644, 646 (1936).").
Id. at 768. While Mr. Jones's allegations rendered his complaint incompatible with his petition for benefits, Mr. Powers's allegations did not render his petitions for benefits incompatible with his complaint. *284 Mr. Powers first alleged a battery by a fellow employee,[2] and recovered on that basis in circuit court, then alleged, perfectly consistently, in the petitions for benefits now under consideration, that "owner of company [who was also the co-employee] pushed Claimant over machine." He has never alleged that ERPOC was guilty of an intentional tort.[3]
Mr. Powers's petitions for benefits do not allege that Mr. Clark pushed him accidentally, nor would workers' compensation liability hinge on whether a co-employee's pushing was intentional, unless the co-employee was also the employer's alter ego: Claimants intentionally injured by tortfeasors, including fellow employees, are routinely awarded workers' compensation benefits.
Florida courts have extended the definition of "accident arising out of ... employment" to encompass a wide variety of injuries caused by intentional torts,[[4]] provided there is a sufficient nexus with the activities of the workplace itself. This is true where workplace tensions lead one employee to assault another, W.T. Edwards Hospital v. Rakestraw, 114 So.2d 802, 803 (Fla. 1st DCA 1959), where jealousy over a lovers' triangle causes one worker to attack another with a workplace tool, Tampa Maid Seafood Products v. Porter, 415 So.2d 883, 885 (Fla. 1st DCA 1982), where an employee is robbed at the workplace by an armed gunman, Prahl Brothers, Inc. v. Phillips, 429 So.2d 386, 387 (Fla. 1st DCA), review denied, 440 So.2d 353 (Fla.1983), and where a worker is robbed at home by persons seeking workplace cash register receipts. Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla.1980).
Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099, 1101 (Fla.1989) (footnote omitted). ERPOC contends that the present case is different because Mr. Powers obtained a judgment against it (as well as the fellow employee) in circuit court. *285 But an offset can be allowed to prevent double recovery, see § 440.39(3)(a), Fla. Stat. (2001), and the dispositive inquiry remains whether the prior recovery was the result of Mr. Powers's taking a position in the litigation in circuit court that is inconsistent with the position he took in the petitions for benefits.
We held in the Jones case that Mr. Jones could not proceed on the theory that his injuries were not the result of an accident, where he had already successfully litigated entitlement to workers' compensation benefits on the theory that his injuries were the result of an accident, citing another unsafe workplace case, Matthews v. G.S.P. Corp., 354 So.2d 1243, 1244 (Fla. 1st DCA 1978) ("An employee may not elect to declare his injury to have been an accident occurring in the course of his employment and, thereafter, repudiate such position by alleging that the place and conditions of his employment were so dangerous that the injury was not in fact an accident."). Jones, 877 So.2d at 768-69. But here the allegations Mr. Powers makes in the petitions for benefits, summarily dismissed by the judge of compensation claims, have not repudiated the position he took in the complaint he filed in circuit court. The allegations in both pleadings are consistent.
The complaint alleges as the basis for ERPOC's liability that Mr. Clark was at all times relevant ERPOC's agent and that he acted at all relevant times within the scope of his employment with ERPOC. In order to fall within the scope of his employment with ERPOC, Mr. Clark's intentional, tortious conduct must have been "not unexpectable" by ERPOC. The Restatement defines "scope of employment" as follows:
(1) Conduct of a servant is within the scope of employment if, but only if:
(a) it is of the kind he is employed to perform;
(b) it occurs substantially within the authorized time and space limits;
(c) it is actuated, at least in part, by a purpose to serve the master, and
(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.
Restatement (Second) of Agency § 228 (1958). On this basis, the jury found ERPOC vicariously liable,[5] without finding ERPOC itself guilty of an intentional tort.
The operative allegations in the petitions for benefits are not inconsistent with the circuit court allegation that Mr. Powers acted within the scope of his employment with ERPOC.[6] On the other hand, an employee (whose employer has secured *286 workers' compensation insurance) has no legal right to sue the employer, for an injury a fellow employee (or other third party) causes in an industrial accident, unless the third party is the employer's alter ego. See § 440.11(1), Fla. Stat. (2001) ("The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer...."); see also, e.g., Winn Dixie Stores, Inc. v. Parks, 620 So.2d 798, 800 (Fla. 4th DCA 1993) (finding employer immune from tort claims arising out of assistant manager's murder by a co-employee, where workers' compensation benefits were payable); McDaniel v. Sheffield, 431 So.2d 230, 231 (Fla. 1st DCA 1983) (holding workers' compensation claim was sole remedy for dependents of an employee killed in a robbery at work).
Suit against the employer is allowed if the employer, or its alter ego, commits an intentional tort. Byrd, 552 So.2d at 1101 n. 5 ("[A]n injury intentionally inflicted by the employer himself or his or her alter egos does not fall within these principles, since workers' compensation was not established to excuse misconduct of this type."). A battery by an employer, unlike a battery by a co-employee who is not the employer's alter ego, is, moreover, inherently irreconcilable with an industrial accident under section 440.11(1), Florida Statutes (2001). See Jones, 877 So.2d at 768. See generally § 440.11(1)(b), Fla. Stat. (2003) (describing circumstances where "employer's actions shall be deemed to constitute an intentional tort and not an accident").
On the present appeal, Mr. Powers has not successfully demonstrated that the recovery he obtained in circuit court against Mr. Clark individually is not a bar to the workers' compensation claims he wants to pursue now. Since Mr. Clark was-according to Mr. Powers's initial brief  ERPOC's alter ego, the civil suit against Mr. Clark must be deemed a suit against ERPOC itself, rendering Mr. Powers "judicially estopped to take an inconsistent position" in the petitions for benefits. Jones, 877 So.2d at 768. An employer's intentional tort (even if committed by an alter ego) is not an "industrial accident." Id.
Affirmed.
HAWKES, J., Concurs; PADOVANO, J., Concurs in result.
NOTES
[1] Whether ERPOC could have avoided liability in the civil suit on the basis of statutory immunity is not before us for decision. See generally Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099, 1100-02 (Fla.1989); Townsend v. Conshor, Inc., 832 So.2d 166, 167 (Fla. 2d DCA 2002); Moniz v. Reitano Enters., Inc., 709 So.2d 150, 153 (Fla. 4th DCA 1998); Winn Dixie Stores, Inc. v. Parks, 620 So.2d 798, 799-800 (Fla. 4th DCA 1993); McDaniel v. Sheffield, 431 So.2d 230, 231 (Fla. 1st DCA 1983); Chorak v. Naughton, 409 So.2d 35, 37-38 (Fla. 2d DCA 1981).

On the date Mr. Powers was injured, section 440.11(1), Florida Statutes (2001), provided:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer... except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.... The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death....
Section 440.11(1), Florida Statutes, has since been amended. Ch.2003-412, § 14, at 3890-91, Laws of Fla.
[2] The petitions for benefits describe Mr. Clark as "owner" of ERPOC, but also alleges that he perpetrated a battery. Because battery is a misdemeanor of the first degree, § 784.03(1)(b), Fla. Stat. (2001), the maximum penalty for which (one year), § 775.082(4)(a), Fla. Stat. (2001), exceeds 60 days' imprisonment, the statutory immunity against civil liability otherwise afforded was unavailable to Mr. Clark individually, under the allegations both of the complaint and of the petitions. See § 440.11(1), Fla. Stat. (2001) ("The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his or her duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed does not exceed 60 days' imprisonment as set forth in s. 775.082.").
[3] The judgment against ERPOC did not rest on an allegation that ERPOC committed an intentional tort. Under section 440.11(1), Florida Statutes (2001), an employer has no immunity from civil suit where the employer "engage[s] in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee," Eller v. Shova, 630 So.2d 537, 539 (Fla.1993), but Mr. Powers never alleged any such act on ERPOC's part. Mr. Powers's theory in the civil complaint was that ERPOC was vicariously liable for the intentional tort Mr. Clark committed because it occurred in the scope of Mr. Clark's employment. But Mr. Powers has since alleged-in the initial brief, if not before-that Mr. Clark was ERPOC's alter ego.
[4] Defining industrial accidents to include fellow employees' intentional torts has the effect of broadening employers' immunity against civil liability on theories of negligent hiring, retention and supervision of fellow employees.
[5] Since the accident at issue in the present case, the Legislature has enacted ch.2003-412, § 14, at 3890-91, Laws of Fla., codified as § 440.11(1), Florida Statutes (2003), intended to make even an employer's vicarious liability in tort legally antithetical to responsibility under the Workers' Compensation Law. See Fla. S. Comm. on Banking & Ins., SB 50-A (2003) Staff Analysis 18 (rev. May 23, 2003) (on file with comm.) ("[T]he liability of an employer for compensation prescribed in s. 440.10, F.S., is exclusive and in place of all other liability, including vicarious liability, except in cases where the employer commits an intentional tort that causes the death or injury of an employee.").
[6] An employee's intentional tort's being "not unexpectable" to the employer is very different from the employer itself "engag[ing] in [some] intentional act designed to result in or that is substantially certain to result in injury or death." Eller, 630 So.2d at 539.